WINSTON MORGAN ET AL., ADMINISTRATORS
(ESTATE OF UNA B. MORGAN) *v.*
HARTFORD HOSPITAL ET AL.
(SC 18469)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

---

Argued March 17—officially released July 12, 2011

*David J. Wenc*, for the appellants (plaintiffs).

*Augustus R. Southworth III*, with whom was *Lauren J. Taylor*, for the appellees (defendants).

EVELEIGH, J. This appeal[1] arises from a medical malpractice action brought by the plaintiffs, Winston Morgan and Edna Morgan, the administrators of the estate of Una B. Morgan (decedent), against the defendants Robert Lowe, a thoracic surgeon with a subspecialty in vascular surgery, and Lowe's employer, Connecticut Surgical Group, P.C. (Connecticut Surgical Group).[2] On appeal to this court, the plaintiffs assert that the trial court improperly dismissed their complaint on the ground that the written opinion letter that they attached to their original complaint did not satisfy the requirements of General Statutes § 52-190a (a),[3] despite

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The plaintiffs also named as defendants in their complaint Hartford Hospital, Jeffrey A. Hirst, Anthony F. LaSala, Cardiac Care Associates, P.C., and Hartford Cardiac Laboratory, P.C. Those defendants are not involved in this appeal. Accordingly, we refer herein to Lowe and Connecticut Surgical Group collectively as the defendants, and individually by name where necessary.

[3] General Statutes § 52-190a provides in relevant part: "(a) No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. Such written opinion shall not be subject to discovery by any party except for questioning the validity

the defendants' failure to move to dismiss the original complaint until more than nineteen months after the plaintiffs had commenced this action. Because we conclude that the defendants waived their right to challenge the sufficiency of the original complaint and its attachment by failing to timely file a motion to dismiss, we reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our disposition of this appeal. The plaintiffs commenced this action against the defendants by way of service of process on March 29, 2007. In the complaint, the plaintiffs alleged that the decedent received medical care and treatment at Hartford Hospital between January 1, 2005, and January 5, 2005, when she died. The plaintiffs alleged that, on January 3, 2005, Jeffrey Hirst, a physician, performed a left heart catheterization via the decedent's right femoral artery, after which ongoing bleeding was observed. The decedent had what was interpreted as a vasovagal episode, with

of the certificate. The claimant or the claimant's attorney, and any apportionment complainant or apportionment complainant's attorney, shall retain the original written opinion and shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. The similar health care provider who provides such written opinion shall not, without a showing of malice, be personally liable for any damages to the defendant health care provider by reason of having provided such written opinion. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines, after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative shall impose upon the person who signed such certificate or a represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney or the apportionment complainant's attorney submitted the certificate. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

a right abdominal hematoma. On the morning of January 4, 2005, Lowe, the attending vascular surgeon, noted that the decedent was exhibiting signs of ongoing bleeding and recommended an interventional approach. Later that day, an arteriography demonstrated a false aneurysm of the inferior epigastric artery with active bleeding, and coils were placed. Thereafter, the decedent developed multiorgan system failure and passed away on January 5, 2005. The plaintiffs alleged that Lowe's negligence in failing to timely diagnose and treat the decedent caused her death. The defendants further alleged that Connecticut Surgical Group was liable under a theory of respondeat superior.

In an attempt to comply with § 52-190a (a), which requires a plaintiff in a medical malpractice action to attach to the complaint a written "opinion of a similar health care provider" attesting to a good faith basis for the action, the plaintiffs attached to their original complaint an opinion letter from Michael A. Fifer, a physician who was board certified in internal medicine with a subspecialty in cardiovascular disease.[4]

On April 15, 2008, the plaintiffs filed a request for leave to file an amended complaint, and an amended complaint. The defendants did not file an objection to the request for leave within fifteen days. Attached to the amended complaint was a copy of the original certificate of good faith, dated March 23, 2007. In addition to the written opinion previously attached to the original complaint, the plaintiffs also attached a written opinion letter from Richard S. Nitzberg, a vascular surgeon, which was dated April 26, 2007.

On November 5, 2008, the defendants moved to dismiss the original complaint that had been filed on March 29, 2007. The basis for their motion was that "the plaintiffs have failed to comply with the requirements for

---

[4] See footnote 3 of this opinion.

filing a medical malpractice lawsuit mandated by [§] 52-190a as a result of their failure to attach to the complaint an opinion letter from a similar health care provider." The trial court granted the defendants' motion to dismiss on that ground.

On appeal to this court, the plaintiffs assert that the trial court improperly dismissed the complaint because the original written opinion letter satisfied the requirements of § 52-190a. The plaintiffs further claim that, even if the original written opinion letter was insufficient, the amended complaint and the attached written opinion letter cured any deficiency in the original complaint and that the trial court improperly found that § 52-190a barred them from amending their complaint. The plaintiffs also claim that § 52-190a is unconstitutional. In response, the defendants assert that the trial court properly dismissed the plaintiffs' action for failure to comply with § 52-190a by failing to attach a written opinion letter of a similar health care provider. The defendants further contend that the trial court properly concluded that the written opinion letter attached to the amended complaint did not comply with § 52-190a because it was not obtained prior to filing the action. Finally, the defendants claim that § 52-190a is not unconstitutional.

Following oral argument in this court, we ordered the parties to file simultaneous supplemental briefs addressing the following question: "Whether the defendant[s] [have] waived pursuant to Practice Book § 10-32[5] the right to file in the time prescribed in Practice

[5] Practice Book § 10-32 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30."

Book § 10-30[6] for filing a motion to dismiss challenging the sufficiency of the opinion attached to the original complaint?"[7] In their supplemental brief, the plaintiffs claim that the good faith certificate and written opinion letter required by § 52-190a are requirements of process, which the defendants waived by failing to file a motion to dismiss within the thirty day time period provided in Practice Book § 10-30. The defendants assert, in their supplemental brief, that the time and waiver rules of Practice Book §§ 10-30 and 10-32 do not apply to the statutory remedy of dismissal under § 52-190a, and that,

---

[6] Practice Book § 10-30 provides: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the judicial authority otherwise directs. Any adverse party may, within ten days of the filing of the motion with the court, file a request for extension of time to respond to the motion. The clerk shall grant the request and cause the motion to appear on the short calendar not less than thirty days from the filing of the request."

[7] The defendants further contend that, since the issue was not raised before the trial court, we should not consider the matter at this time. We disagree. At the trial court the defendants filed, and the trial court granted, a motion to dismiss the plaintiffs' complaint for failure to comply with § 52-190a. On appeal, the plaintiffs assert that the trial court improperly granted the defendants' motion to dismiss. We conclude that the issue of whether the defendants waived their right to file a motion to dismiss challenging the sufficiency of the opinion letter attached to the original complaint is properly within the scope of the issue that was raised at the trial court. See, e.g., *Rowe* v. *Superior Court*, 289 Conn. 649, 663, 960 A.2d 256 (2008) (concluding that defendant had preserved issue for appeal because theories related to single legal claim even though defendant had not raised each theory at trial); *State* v. *Mitchell*, 169 Conn. 161, 168, 362 A.2d 808 (1975) (reaching ground not raised at trial because it was related to preserved claim raised on appeal), overruled in part on other grounds by *State* v. *Higgins*, 201 Conn. 462, 472, 518 A.2d 631 (1986); *In re Jason S.*, 9 Conn. App. 98, 107–108, 516 A.2d 1352 (1986) (same); cf. *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 569, 916 A.2d 5 (2007) (addressing alternative ground for affirmance not raised at trial because, inter alia, issue was "closely intertwined" with certified question); *State* v. *Bethea*, 24 Conn. App. 13, 17 n.2, 585 A.2d 1235 (reviewing issue not raised at trial but subsumed within issue raised), cert. denied, 218 Conn. 901, 588 A.2d 1076 (1991).

therefore, they did not waive their right to file a motion to dismiss challenging the sufficiency of the opinion letter attached to the original complaint. We agree with the plaintiffs.

The interpretation of § 52-190a is a question of law over which this court exercises plenary review. *Dias* v. *Grady*, 292 Conn. 350, 354, 972 A.2d 715 (2009). Moreover, "review of the trial court's ultimate legal conclusion and resulting [decision to] grant [a] motion to dismiss will be de novo." (Internal quotation marks omitted.) *Pedro* v. *Miller*, 281 Conn. 112, 116, 914 A.2d 524 (2007). In any consideration of the trial court's dismissal, we take the facts as alleged in the complaint as true and "[construe] them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Rioux* v. *Barry*, 283 Conn. 338, 341, 927 A.2d 304 (2007).

The defendants concede that they did not comply with the time requirements established in Practice Book § 10-30, but assert, however, that they were not required to comply with either Practice Book § 10-30 or § 10-32 because, they argue, those provisions of the Practice Book do not apply to motions to dismiss filed pursuant to § 52-190a (c). In response, the plaintiffs claim that a defective written opinion letter attached to a complaint implicates the service of process and, thus, in personam jurisdiction. The plaintiffs contend that the attachment of the written opinion letter is a precondition of the action and, therefore, concerns a matter of form regarding the service of the complaint. We agree with the plaintiffs and, accordingly, reverse the judgment of the trial court dismissing the complaint and remand the case for further proceedings.[8]

We begin our analysis with the pertinent Practice Book and statutory provisions. Practice Book § 10-30

[8] Because our conclusion that the defendants waived their right to file a motion to dismiss under Practice Book § 10-32 is dispositive of the plaintiffs' appeal, we do not reach the parties' other claims.

provides in relevant part that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." Practice Book § 10-31 (a) provides in relevant part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. . . ."

Section 52-190a (a) provides in relevant part that, in any medical malpractice action, "[n]o civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . [T]he claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in [General Statutes §] 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ."

Section 52-190a requires that the written opinion letter must have been obtained prior to filing the action and that the good faith certificate and opinion letter must be filed when the action commences. Section 52-190a (c) provides: "The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

It is the failure to obtain and file the opinion letter which serves as a basis for the dismissal. Clearly, the legislature unambiguously contemplated a dismissal at the beginning of the action by its usage of the phrase "obtain and file . . . ." General Statutes § 52-190a (c). It also bears noting that the legislature contemplated the potential imposition of sanctions, including reasonable attorney's fees, if it was determined, after discovery, that the person who filed the complaint did not have a good faith belief that there had been negligence in the care or treatment of the claimant. General Statutes § 52-190a (a). Indeed, if the legislature had contemplated a dismissal later in the proceedings after discovery was completed, it surely would have inserted the term "dismissal" either in lieu of, or in addition to, the language relating to sanctions. The plain language of the statute clearly provides that the legislature contemplated a dismissal being filed early in the proceedings.

We now turn to our case law to determine the precise nature of the jurisdiction which is to be challenged pursuant to the dismissal language of § 52-190a (a). In order to analyze properly the nature of the statutory requirement of a written opinion letter of a similar health care provider, it is necessary to review past decisions of this court in this area. In *LeConche* v. *Elligers*, 215 Conn. 701, 579 A.2d 1 (1990), we examined the predecessor statute to § 52-190a, which required the claimant's attorney to attach a good faith certificate to the complaint. In that case, this court concluded that the absence of a good faith certificate did not raise a question as to the court's subject matter jurisdiction. Id., 702–703. We reasoned that traditionally the Superior Court had had subject matter jurisdiction over common-law medical malpractice actions. Id., 709. Further, we concluded that the legislature did not intend § 52-190a to create an additional subject matter jurisdictional requirement of a good faith certificate in such a case.

Id., 714. "The purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence. . . . The purpose is just as well served by viewing the statutory requirement that the complaint contain a good faith certificate as a pleading necessity akin to an essential allegation to support a cause of action." Id., 711. Today, we recognize that the written opinion letter, prepared in accordance with the dictates of § 52-190a, like the good faith certificate, is akin to a pleading that must be attached to the complaint in order to commence properly the action.

In *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 31, 12 A.3d 865 (2011), we noted that the purpose of § 52-190a and its requirement of a good faith certificate was to prevent the filing of frivolous medical malpractice actions. We also concluded that the purpose of requiring a written opinion letter, in an amendment to the statute; see Public Acts 2005, No. 05-275; "was intended to address the problem that some attorneys, either intentionally or innocently, were misrepresenting in the certificate of good faith the information that they had obtained from the experts." (Internal quotation marks omitted.) *Bennett* v. *New Milford Hospital, Inc.*, supra, 19. Thus, we held that § 52-190a dictated that a dismissal was the proper form of remedy for any party who did not comply with the statute. We held further, however, that "the legislature envisioned the dismissal as being without prejudice . . . and even if the statute of limitations has run, relief may well be available under the accidental failure of suit statute . . . ." (Citation omitted.) Id., 31. In *Bennett*, we also cited favorably *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 583–84, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009), in which the Appel-

late Court held that the failure to follow the statutory attachment requirements does not implicate a plaintiff's right to bring a medical malpractice action, nor does it affect the court's power to hear such actions. Thus, the court in *Votre* concluded that such a failure does not implicate the subject matter jurisdiction of the court. Id., 583. In *Votre*, the Appellate Court also held that a defendant may waive the statutory requirements of § 52-190a. Id., 586. *Votre* supports the proposition that the failure to attach a sufficient written opinion letter of a similar health care provider involves *in personam* jurisdiction. "It is fundamental that jurisdiction over a person can be obtained by waiver. *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 39, 495 A.2d 1034 (1985) ('[u]nlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver'). Although the filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims, '[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance.' Practice Book § 10-30; see *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999) ('[t]he rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6')." *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 445, 797 A.2d 1081 (2002).

In *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 46–47, 12 A.3d 885 (2011), we held that "when a medical malpractice action has been dismissed pursuant to § 52-190a (c) for failure to supply an opinion letter by a similar health care provider required by § 52-190a (a), a plaintiff may commence an otherwise time

barred new action pursuant to the matter of form provisions of [General Statutes] § 52-592 (a) only if that failure was caused by a simple mistake or omission, rather than egregious conduct or gross negligence attributable to the plaintiff or his attorney." Consequently, we recognized that the written opinion letter, much like the good faith certificate in *LeConche*, involved a matter of form whose deficiencies, at least in the case of simple mistake or omission, could be remedied by the failure of form provisions of the accidental failure of suit statute.

Finally, in *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 848 A.2d 418 (2004), this court considered whether General Statutes § 52-102b (a), which requires service of an apportionment complaint within 120 days after the return date of the original complaint, is mandatory or directory in nature. The court concluded that the 120 day limitation was mandatory and that noncompliance with § 52-102b implicates a court's personal jurisdiction, not subject matter jurisdiction. In the discussion, we noted that "[a] defect in process . . . such as an improperly executed writ, implicates personal jurisdiction, rather than subject matter jurisdiction. . . . [W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter." (Citation omitted; internal quotation marks omitted.) Id., 31. We note that the legislature did not establish a mandatory time limit in § 52-190a for the filing of a motion to dismiss. It did, however, establish a mandatory attachment to the complaint in the form of a written opinion letter from a similar health care provider. This certificate, therefore, serves as a precondition to effec-

tive service of process for the initiation of a medical malpractice action.

Failure to comply with the statutory requirements of service renders a complaint subject to a motion to dismiss on the ground of lack of personal jurisdiction. "[J]urisdiction over the person, jurisdiction over the [subject matter], and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . . Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) *Bridgeport* v. *Debek*, 210 Conn. 175, 179–80, 554 A.2d 728 (1989); see also *Hillman* v. *Greenwich*, 217 Conn. 520, 526, 587 A.2d 99 (1991) (A writ of summons is a statutory prerequisite to the commencement of a civil action. It is an essential element to the validity of the jurisdiction of the court. "Because the plaintiff in this case failed to comply in any fashion with these basic requirements [attaching the writ of summons to the complaint], we conclude that the trial court should have granted the defendant's motion to dismiss the complaint . . . for lack of personal jurisdiction over the defendant."). "The defendant's claims concerning service of the summons and complaint implicate personal, rather than subject matter, jurisdiction." *Rock Rimmon Grange # 142, Inc.* v. *The Bible Speaks Ministries, Inc.*, 92 Conn. App. 410, 415, 885 A.2d 768 (2005). Likewise, the attachment of the written opinion letter of a similar health care provider is a statutory prerequisite to filing an action for medical malpractice. The failure to provide a written opinion letter, or the attachment of a written opinion letter that does not comply with § 52-190a, constitutes insufficient process and, thus, service of that insufficient process does not subject the defendant to the jurisdiction of the court. As this court held in *Connor* v. *Statewide*

*Grievance Committee,* supra, 260 Conn. 442, "[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter." (Citations omitted.)

Accordingly, we conclude that, because the written opinion letter of a similar health care provider must be attached to the complaint in proper form, the failure to attach a proper written opinion letter pursuant to § 52-190a constitutes insufficient service of process and, therefore, Practice Book § 10-32 and its corresponding time and waiver rule applies by its very terms.[9] Because we conclude that the absence of a proper written opinion letter is a matter of form, it implicates personal jurisdiction. It is in the nature of a pleading that must be attached to the complaint. Thus, we construe the term "process" to include both the summons, the complaint and any requisite attachments thereto. "Civil process" is defined as "[a] process that issues in a civil lawsuit." Black's Law Dictionary (8th Ed. 2004). This interpretation is also consistent with the previous definition of civil process in Black's Law Dictionary, which referred to it as a "summons, or, summons and complaint, and, less commonly, to a writ." Black's Law Dictionary (5th Ed. 1979); see also General Statutes § 52-63 (b) and (c) (civil process may be made by leaving "writ, summons and complaint" with commissioner of motor vehicles); and General Statutes § 52-102b (a)

---

[9] We note that the defendants claim that we have decided other cases under § 52-190a where motions to dismiss were filed past the thirty day period allowed by Practice Book §§ 10-30 and 10-32, and have not discussed in such cases whether the defendants had waived their right to file a motion to dismiss. See, e.g., *Shortell* v. *Cavanagh,* 300 Conn. 383, 15 A.3d 1042 (2011); *Dias* v. *Grady,* supra, 292 Conn. 350. We note, however, that the issue was not properly briefed in those cases. The matter is now ripe for our review in the present case.

("[a]ny such writ, summons and complaint, hereinafter called the apportionment complaint").

The defendants contend that the statutory remedy of dismissal does not invoke the court's jurisdiction in any manner and that any conclusion to the contrary would lead to bizarre, unworkable results. The defendants claim that to interpret § 52-190a so as to require a defendant to comply with the requirements of Practice Book §§ 10-32 and 10-30 would be inconsistent with this intended purpose because it would allow a plaintiff to proceed with a potentially frivolous action without obtaining or attaching an opinion letter, in the event that a defendant did not file a motion to dismiss within thirty days of its appearance. This result, they contend, is contrary to the intent of the legislature. We reject this proposition. First, the foundation for the proposition presumes that an attorney defending a malpractice action, many of whom are the most experienced attorneys in the state, would ever miss the thirty day period to file a motion to dismiss. We disagree. Second, we conclude that affirming the trial court's judgment in the present case would lead to absurd and unworkable results. In this case, the complaint was filed on March 29, 2007, while the motion to dismiss was filed on November 5, 2008. It is obvious from the record that in the interim approximate nineteen months, numerous motions were filed that required the attention of the attorneys. We are uncertain as to the number of depositions that were taken, but the possibility exists that there were many depositions at a substantial cost to the parties. Contrary to the argument of the defendants, *this* is the absurd result that should be avoided. Instead of allowing a defendant to wait until the last minute to file a motion to dismiss after much time and effort has been expended, it is certainly preferable that the issue be determined early in the proceedings before the parties have expended substantial sums of money. The

Practice Book requirement that motions to dismiss be filed within thirty days of the filing of an appearance ensures that the parties will have an early resolution of the matter and will not have to expend large sums of money before being informed that the case is deficient, in some aspect, at the nineteenth hour.[10] Thus, we reject the notion submitted by the defendants that our decision will lead to absurd and unworkable results. To the contrary, we maintain that it will lead to a fairer, more orderly administration of justice.

Practice Book § 10-32 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30." Practice Book § 10-6 provides in relevant part that "[t]he order of pleading shall be as follows: (1) The plaintiff's complaint. (2) The defendant's motion to dismiss the complaint. . . ." Practice Book § 10-7 provides: "In all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." The defendants have admitted that they did not file the motion to dismiss within thirty days of filing their appearance. Further, they filed numerous pleadings before filing their motion to dismiss. Therefore, we hold that they waived their right to file a motion to dismiss pursuant to the terms of the rules of practice. Accordingly, we conclude that the trial court improperly granted the defendants' motion to dismiss.

---

[10] We disagree with the defendants' argument that the legislature intended to create an independent, statutory ground for dismissal under § 52-190a. The early filing of a dismissal motion is in line with the grounds enumerated in the Practice Book.

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to dismiss and for further proceedings according to law.

In this opinion the other justices concurred.