YVONNE WIGHTMAN *v.* MICHAEL SPOSATO ET AL.
(AC 31885)

Gruendel, Alvord and Flynn, Js.

Argued September 21—officially released November 15, 2011

*Hugh D. Hughes*, with whom, on the brief, was *William F. Gallagher*, for the appellant (plaintiff).

*Michael G. Rigg*, with whom were *Donna R. Zito* and, on the brief, *Stephen V. Manning*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Robert C. Ruggiero, Jr., administrator of the estate of Yvonne Wightman,[1] appeals from the judgment of the trial court granting the motion to dismiss filed by the defendants, Michael Sposato, MidState Medical Center, MidState Medical Group, P.C., and MidState Medical Group Walk-in Center. On appeal, the plaintiff claims that the court improperly granted the defendants' motion to dismiss based

---

[1] The decedent, Yvonne Wightman, filed this action, but died after the case had been appealed to this court. The administrator of her estate, Robert C. Ruggiero, Jr., was substituted as the plaintiff. For clarity and convenience, we refer to the decedent as the plaintiff throughout this opinion.

on General Statutes § 52-190a[2] because the defendants filed the motion to dismiss out of the order of pleading required by Practice Book § 10-6,[3] thereby waiving their right to file the motion under Practice Book § 10-7.[4]

[2] General Statutes § 52-190a provides in relevant part: "(a) No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. Such written opinion shall not be subject to discovery by any party except for questioning the validity of the certificate. The claimant or the claimant's attorney, and any apportionment complainant or apportionment complainant's attorney, shall retain the original written opinion and shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

[3] Practice Book § 10-6 provides in relevant part: "The order of pleading shall be as follows:

"(1) The plaintiff's complaint.

"(2) The defendant's motion to dismiss the complaint.

"(3) The defendant's request to revise the complaint.

"(4) The defendant's motion to strike the complaint.

"(5) The defendant's answer (including any special defenses) to the complaint.

"(6) The plaintiff's request to revise the defendant's answer.

"(7) The plaintiff's motion to strike the defendant's answer.

"(8) The plaintiff's reply to any special defenses."

[4] Practice Book § 10-7 provides: "In all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the

The plaintiff also claims that the court improperly found that the opinion letter attached to the complaint as required by § 52-190a was not sufficiently detailed and was not authored by a similar health care provider as defined in General Statutes § 52-184c. Because attachment of a good faith opinion letter pursuant to the terms of § 52-190a implicates service of process, and thus triggers personal jurisdiction, we conclude that, pursuant to Practice Book § 10-32,[5] the defendants waived their right to file a motion to dismiss. Accordingly, we reverse the judgment of the trial court and need not address the plaintiff's other claims.

The following facts, as alleged in the complaint, and procedural history are relevant to the disposition of the plaintiff's appeal. The plaintiff, complaining of pain in her left ankle, availed herself of the medical services of MidState Medical Group Walk-in Center. Sposato, a physician's assistant, examined the plaintiff and diagnosed her with gout, prescribing indomethacin for her condition. Sposato did not order further tests that may have ruled out other possible diagnoses, and he told the plaintiff that it was safe for her to walk on the painful ankle. It was later determined that the plaintiff had actually torn her Achilles tendon and should have avoided walking on the injured ankle. It is alleged that, based on the misdiagnosis and inappropriate treatment recommended by Sposato, the plaintiff's condition became chronic, gave her a limp, and required additional treatment that could have been avoided with early diagnosis.

---

preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."

[5] Practice Book § 10-32 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30."

The plaintiff filed her complaint on February 3, 2009, and attached a good faith certificate and an opinion letter from a board certified emergency medicine doctor finding evidence of negligence in the care that she received from the defendants. The authoring doctor had extensive experience as the medical director of the urgent care department of a major neighborhood health center. On February 10, 2009, the defendants filed a motion for extension of time to respond to the complaint, which was granted. On March 17, 2009, the defendants filed a twenty-four page request to revise the complaint. On May 18, 2009, the defendants filed a motion to dismiss pursuant to General Statutes § 52-190a. On August 12, 2009, the plaintiff filed a motion to strike the defendants' motion to dismiss. The plaintiff also filed an objection to the motion to dismiss on August 18, 2009.

A hearing on the motion to dismiss was held on August 17, 2009, during which the plaintiff's counsel argued that the defendants had waived their right to file a motion to dismiss because they had previously filed a request to revise the complaint, rendering their pleadings out of order under Practice Book § 10-6. The plaintiff stressed that it should be a disciplinary dismissal. The defendants argued that the motion to dismiss under § 52-190a is not subject to the order of pleadings rule set out in the rules of practice because this pleading is pursuant to a legislatively enacted remedy and thus supersedes the rules of practice.

In its memorandum of decision dated December 4, 2009, the court granted the defendants' motion to dismiss. The court held that the defendants did not waive their right to file a motion to dismiss because a dismissal pursuant to § 52-190a (c) is not jurisdictional in nature. The court found that the opinion author was not a

similar health care provider under § 52-184c (b). It further concluded that the opinion letter was not sufficiently detailed to comply with the requirements of § 52-190a. This appeal followed.[6]

I

We first address the issue of reviewability. On appeal, the plaintiff argues that we may review her claim, i.e., that § 52-190a opinion letter defects implicate personal jurisdiction, because she distinctly argued before the trial court that Practice Book §§ 10-6 and 10-7 were applicable to the defendants' motion to dismiss. The plaintiff claims further that her argument on appeal is merely an elaboration of her original argument before the trial court because, by arguing that the rules of practice applied to the motion to dismiss, she implicitly argued that the court's personal jurisdiction was implicated. The defendants claim that the plaintiff did not raise the issue of personal jurisdiction at trial, but instead argued for a disciplinary dismissal, and, therefore, her personal jurisdiction claim is not reviewable. We agree with the plaintiff.

"The trial court appears to have understood and rejected [the arguments now presented on appeal] . . . . Under such circumstances, we cannot conclude that the plaintiff has ambushed the trial court by seeking reversal of an issue that he failed to raise at trial. . . . Although we are mindful that the plaintiff did not raise all of the theories that [he now raises on appeal] . . .

---

[6] Subsequent to the issuance of the trial court's decision, we decided *Wilcox* v. *Schwartz*, 119 Conn. App. 808, 990 A.2d 366, cert. granted, 296 Conn. 908, 993 A.2d 469 (2010). On March 29, 2010, the plaintiff filed a motion to open the judgment of dismissal pursuant to Practice Book § 17-4. The trial court scheduled argument on May 10, 2010, and heard all parties on the issue of whether the opinion author had provided a sufficiently detailed basis in his letter. In a memorandum of decision dated June 9, 2010, the court denied the plaintiff's motion because it found that the opinion letter failed to address all of the allegations of negligence set forth in the complaint.

those theories are related to a single legal claim. . . . Indeed . . . there is substantial overlap between these theories under the case law. Therefore, the plaintiff has preserved this claim for review." (Citations omitted.) *Rowe* v. *Superior Court*, 289 Conn. 649, 662–63, 960 A.2d 256 (2008); see also *State* v. *Fernando A.*, 294 Conn. 1, 31 n.26, 981 A.2d 427 (2009).

The plaintiff relied on the rules of practice relating to a motion to dismiss. The underlying claim was one challenging the court's personal jurisdiction. In response to the plaintiff's arguments regarding the rules of practice, the court specifically addressed the issue of personal jurisdiction in its memorandum of decision granting the defendants' motion to dismiss, stating: "[a] motion to dismiss based on § 52-190a for failure to attach an opinion from a similar health care provider is not a ground explicitly stated in Practice Book § 10-32, and it is not jurisdictional." While we appreciate the position of trial court judges and litigants in having to anticipate appellate decisions, there is no " 'trial by ambuscade' " here; *Jones* v. *Connecticut Children's Medical Center Faculty Practice Plan*, 131 Conn. App. 415, 433, 28 A.3d 347 (2011); and the plaintiff's claim is reviewable.

## II

The plaintiff next claims that the court improperly granted the defendants' motion to dismiss because the defendants filed the motion to dismiss out of the order required by Practice Book § 10-6, thereby waiving their right to file the motion under Practice Book § 10-7. We agree.

Our Supreme Court recently determined that attaching an opinion letter that does not satisfy the requirements of § 52-190a is defective service of process, implicating personal jurisdiction. *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 21 A.3d 451 (2011). It

held: "[W]e conclude that, because the written opinion letter of a similar health care provider must be attached to the complaint in proper form, the failure to attach a proper written opinion letter pursuant to § 52-190a constitutes insufficient service of process and, therefore, Practice Book § 10-32 and its corresponding time and waiver rule applies by its very terms. Because we conclude that the absence of a proper written opinion letter is a matter of form, it implicates personal jurisdiction. It is in the nature of a pleading that must be attached to the complaint. Thus, we construe the term 'process' to include both the summons, the complaint, and any requisite attachments thereto." Id., 402. Thus, Practice Book §§ 10-6 and 10-30[7] are applicable to defendants seeking to dismiss actions based on a defective opinion letter under § 52-190a. Defendants failing to adhere to the requirements of these sections risk waiver of their right to file a motion to dismiss under Practice Book §§ 10-7 and 10-32. Id., 404.

Pursuant to *Morgan*, the defendants in the present case waived their right to file a motion to dismiss under Practice Book § 10-7 by filing their pleadings out of the order required by Practice Book § 10-6. The defendants filed a request to revise the complaint on March 17, 2009, two months before they filed their motion to dismiss. The defendants also waived their right to file a motion to dismiss under *Morgan* by failing to file the motion within thirty days as required by Practice Book

---

[7] Practice Book § 10-30 provides: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the judicial authority otherwise directs. Any adverse party may, within ten days of the filing of the motion with the court, file a request for extension of time to respond to the motion. The clerk shall grant the request and cause the motion to appear on the short calendar not less than thirty days from the filing of the request."

§§ 10-32 and 10-30. "The Practice Book requirement that motions to dismiss be filed within thirty days of the filing of an appearance ensures that the parties will have an early resolution of the matter and will not have to expend large sums of money before being informed that the case is deficient, in some aspect, at the nineteenth hour." *Morgan* v. *Hartford Hospital,* supra, 301 Conn. 403–404. The complaint was filed on February 3, 2009, and the motion to dismiss was not filed until May 18, 2009, meaning that more than three months passed between the filing of the complaint and the filing of the motion to dismiss. Accordingly, the defendants waived their right to file a motion to dismiss.

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.