******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KATE L. DOYLE ET AL. *v.* ASPEN DENTAL OF
SOUTHERN CT, PC, ET AL.
(AC 39325)

Sheldon, Keller and Bishop, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant oral surgeon,
K, for dental malpractice in connection with an implant procedure per-
formed on the plaintiff by K. The trial court granted K's motion to
dismiss on the ground that the plaintiff had failed to provide an opinion
letter from a similar health care provider, as required by statute (§§ 52-
190a and 52-184c [c]). Specifically, because the plaintiff had attached
an opinion letter authored by M, a general dentist, and K was trained
as an oral and maxillofacial surgeon and his treatment of the plaintiff
fell into the area of oral and maxillofacial surgery, the trial court deter-
mined that M's opinion letter was not that of a similar health care
provider because M was not board certified in K's specialty. On appeal
to this court, the plaintiff claimed that the opinion letter, authored by
a general dentist, was sufficient because there was no authentic public
record from which she could have discovered or verified that K had
training and experience in oral and maxillofacial surgery beyond the
information available on the website of the Department of Public Health,
which did not indicate that K was a board certified oral and maxillofacial
surgeon. *Held* that the trial court properly granted K's motion to dismiss
for lack of personal jurisdiction; because it was undisputed that M was
not a board certified specialist trained and experienced in oral and
maxillofacial surgery, M was not a similar health care provider as defined
in § 52-184c (c) and, thus, the opinion letter attached to the plaintiff's
complaint was legally insufficient under § 52-190a (a), and the plaintiff's
claim that she could rely solely on the department's website to determine
K's credentials was unavailing, as this court previously has rejected a
similar claim, the plain language of § 52-190a (a) requires the plaintiff
to conduct a reasonable inquiry for a defendant health care provider's
credentials, there are other methods, aside from searching the depart-
ment's website, for ascertaining such credentials, including filing a bill
of discovery, and the plaintiff was put on notice of K's credentials by
notations in the medical file referring to her treatment by an oral surgeon.

Argued October 17, 2017—officially released January 30, 2018

*Procedural History*

Action to recover damages for, inter alia, the defen-
dants' alleged dental malpractice, and for other relief,
brought to the Superior Court in the judicial district
of Fairfield, where the court, *Wenzel, J.*, granted the
defendants' motions to dismiss and rendered judgment
thereon; thereafter, the court denied the plaintiffs'
motion to reargue, and the plaintiffs appealed to this
court; subsequently, the appeal was withdrawn as to
the named defendant et al. *Affirmed.*

*Scott D. Camassar*, for the appellants (plaintiffs).

*Beverly Knapp Anderson*, with whom was *Craig A.
Fontaine*, for the appellee (defendant Brandon Kang).

*Opinion*

BISHOP, J. This appeal arises out of a dental malpractice action brought by the plaintiffs, Kate L. Doyle and Brendan Doyle,[1] against the defendants, Aspen Dental of Southern CT, PC, and Aspen Dental Management, Inc. (Aspen Dental), and Brandon Kang, DDS,[2] in connection with a dental implant procedure performed by Kang. The plaintiff appeals from the judgment rendered by the trial court dismissing her action against the defendant on the basis of her failure to comply with General Statutes § 52-190a (a),[3] which required the plaintiff to attach to her complaint an opinion letter authored by a "similar health care provider," as defined in General Statutes § 52-184c (c).[4] On appeal, the plaintiff argues that the court erred in concluding that the opinion letter written by a general dentist was not authored by a "similar health care provider" and that an opinion letter from an oral and maxillofacial surgeon was required instead. In support of this claim, the plaintiff alleges that she had no method of discovering or verifying that the defendant was an oral and maxillofacial surgeon in addition to being a licensed general dentist because there was no authentic public record from which the plaintiff could have determined that the defendant had training and experience as an oral and maxillofacial surgeon. We conclude that the court properly determined that because the defendant did, in fact, have training and experience in the specialty of oral and maxillofacial surgery, the opinion letter submitted by the plaintiff was not authored by a "similar health care provider."[5] Accordingly, we affirm the judgment of the trial court.

The plaintiff's complaint, filed on August 19, 2015, contained the following factual allegations, the truth of which the court was required to assume for purposes of deciding the defendant's motion to dismiss. On March 15, 2011, the plaintiff underwent an examination and treatment at Aspen Dental for a broken crown on one of her front teeth. The tooth was removed on March 29, 2011, after which the plaintiff, under sedation, received a dental implant for the missing tooth on July 29, 2011. By December 21, 2012, however, the plaintiff's implant was failing, allegedly because it had been placed at an improper angle. It penetrated the nasal floor, resulting in bone loss along the sides of the implant. The plaintiff alleged that the defendant knew or should have known that the implant was failing, but failed to inform her of this circumstance. On August 4, 2013, the defendant performed a bone grafting procedure. At that time, the defendant informed the plaintiff that the implant might have to be removed at a later date.

The plaintiff commenced the present dental malpractice action, alleging medical negligence by the defendant, by complaint dated August 19, 2015. As required

by §§ 52-190a and 52-184c, the plaintiff attached to the complaint a certificate of reasonable inquiry by the plaintiff's attorney and an opinion letter prepared by Andrew Mogelof, a general dentist, who the plaintiff claimed to be a "similar health care provider" to the defendant.

On October 27, 2015, the defendant filed a motion to dismiss the action against him for lack of personal jurisdiction on the basis of the plaintiff's failure to provide a proper opinion letter, as required by § 52-190a (a), authored by a similar health care provider, as defined in § 52-184c (c). Specifically, the defendant claimed that "the author of the opinion letter must be a board certified, trained and experienced oral and maxillofacial surgeon because the defendant is trained and experienced in the specialty of oral and maxillofacial surgery and holds himself out as an oral and maxillofacial surgeon. . . . [Because] the [plaintiff] attached an opinion letter authored by a general dentist . . . [she has] failed to comply with . . . [§ 52-190a (a)]." In support of his motion to dismiss, the defendant submitted an affidavit dated October 22, 2015, in which he averred that: "After obtaining my dental degree in 2004, I completed a four year residency program in [o]ral [and] [m]axillofacial [s]urgery, which is one of the dental specialties recognized by the American Dental Association. This four year training certificate program covered the full scope of [o]ral and [m]axillofacial [s]urgery. Rotations included . . . [thirty-six] months on service with [o]ral and [m]axillofacial [s]urgery. . . . At all times while working at Aspen Dental, I represented myself to patients as an oral and maxillofacial surgeon. . . . All of the treatment that I rendered to [the] plaintiff . . . was in my capacity as an oral and maxillofacial surgeon. The consent form signed by [the] plaintiff was entitled 'Consent for Oral Surgery and Anesthesia.' "

On December 14, 2015, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss. In support of her opposition, the plaintiff attached an affidavit from Mogelof, which stated, in relevant part, that he is "experienced in all of the relevant services provided by . . . [the defendant] in the case of [the plaintiff]." In this affidavit, Mogelof also acknowledged that he is "not trained as an oral and maxillofacial surgeon." Mogelof further stated that "the failure to properly place and treat [the plaintiff's] dental implant was due to a failure to meet the standards of care of basic general surgery and diagnosis, which standards were required to have been met not only by general dentists but also oral surgeons such as [the defendant]."

Oral argument on the defendant's motion to dismiss took place on December 21, 2015. Subsequently, the parties filed supplemental briefs and affidavits on December 31, 2015.[6] Oral argument on the defendant's

motion to dismiss continued on January 14, 2016. On May 5, 2016, the court, *Wenzel*, *J.*, granted the defendant's motion to dismiss. In its memorandum of decision, the court held that "there is significant evidence . . . that the treatment afforded to the plaintiff fell into the area of oral and maxillofacial surgery. . . . [The defendant] began treating the plaintiff immediately after her referral to 'the oral surgeon.' Moreover, the records which detailed the treatment of [the] plaintiff were reviewed and quoted by the opinion author, including this very notation [referencing an oral surgeon]. Of the three criteria which can trigger a specialist level of evaluation, the court finds that the evidence submitted in support of this motion by the [defendant] proves that . . . [1] [the defendant] was in fact trained and experienced in the area of oral surgery and [2] was referred to and held out as an oral surgeon. . . . Accordingly, having determined that . . . the author of the opinion letter submitted was not a similar health care provider having not been board certified in [the defendant's] specialty, the court grants the [defendant's] motion to dismiss."

On May 18, 2016, the plaintiff filed a motion to reargue or reconsider, which the court denied on June 6, 2016. This appeal followed.

On appeal, the plaintiff argues that the court erred in dismissing her malpractice action for her failure to attach to the complaint an opinion letter authored by a board certified specialist in oral and maxillofacial surgery. Specifically, the plaintiff argues that she "met the requirement of [§ 52-190a (a)] because counsel made a good faith inquiry into whether or not there was dental malpractice, and found a 'similar health care provider' in accordance with the [d]efendant's credentials on file with the public health authorities." We are unpersuaded.

We first set forth our standard of review. "The court granted the [defendant's] motion to dismiss for lack of personal jurisdiction on the ground that the . . . opinion letter [attached to the plaintiff's complaint] was not legally sufficient." *Gonzales* v. *Langdon*, 161 Conn. App. 497, 503, 128 A.3d 562 (2015). In reviewing "a challenge to a ruling on a motion to dismiss. . . [w]hen the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether, on the basis of those facts, the trial court's conclusions of law are legally and logically correct. . . . Because there is no dispute regarding the basic material facts, this case presents an issue of law, and we exercise plenary review." (Internal quotation marks omitted.) *Helfant* v. *Yale-New Haven Hospital*, 168 Conn. App. 47, 56, 145 A.3d 347 (2016); see also *Torres* v. *Carrese*, 149 Conn. App. 596, 608, 90 A.3d 256 ("[o]ur review of a trial court's ruling on a motion to dismiss pursuant to § 52-190a is plenary"), cert. denied, 312 Conn. 912, 93

A.3d 595 (2014).

"[D]ismissal is the mandatory remedy when a plaintiff fails to file an opinion letter that complies with § 52-190a (a)." *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 28, 12 A.3d 865 (2011); see also General Statutes § 52-190a (c) ("[t]he failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action"); *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 401, 21 A.3d 451 (2011) (failure to attach a proper opinion letter constitutes lack of jurisdiction over the person). "Section 52-190a (a) provides in relevant part that, prior to filing a [malpractice] action against a health care provider, the attorney or party filing the action . . . [must make] a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . To show the existence of such good faith, the claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in [§] 52-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion." (Internal quotation marks omitted.) *Gonzales* v. *Langdon*, supra, 161 Conn. App. 504.

"Pursuant to [§ 52-184c], the precise definition of similar health care provider depends on whether the defendant health care provider is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist." (Internal quotation marks omitted.) Id. General Statutes "§ 52-184c (b) establishes the qualifications of a similar health care provider when the defendant is neither board certified nor in some way a specialist, and § 52-184c (c) [establishes] those qualifications when the defendant is board certified, trained and experienced in a medical specialty, or holds himself out as a specialist." (Internal quotation marks omitted.) *Wilkins* v. *Connecticut Childbirth & Women's Center*, 314 Conn. 709, 725, 104 A.3d 671 (2014).

In the present case, it is undisputed that the defendant is trained and experienced in the specialty of oral and maxillofacial surgery. Pursuant to § 52-184c (c), "[i]f the defendant health care provider . . . is trained and experienced in a medical specialty . . . a 'similar health care provider' is one who: (1) [i]s trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty." Thus, to satisfy the requirements of §§ 52-190a (a) and 52-184c (c), the plaintiff was required to obtain an opinion letter from one who was (1) "trained and experienced in" oral and maxillofacial surgery *and* (2) "certified by the appropriate American board in" oral and maxillofacial surgery. See General Statutes §§ 52-190a (a) and 52-184c (c).

The plaintiff attached to her complaint an opinion letter authored by a general dentist. It is undisputed that Mogelof was not board certified in the specialty of oral and maxillofacial surgery. In his affidavit dated November 12, 2015, Mogelof acknowledged that he is "not trained as an oral and maxillofacial surgeon." Thus, although Mogelof claimed to have knowledge of the procedure performed by the defendant, and the relevant standard of care applicable to that procedure, the possession of such knowledge, alone, is insufficient to meet the credentialing requirements of § 52-184c (c). See *Gonzales* v. *Langdon*, supra, 161 Conn. App. 505 ("Our precedent indicates that under § 52-184c [c], it is not enough that an authoring health care provider has familiarity with or knowledge of the relevant standard of care. . . . A similar health care provider *must be* trained and experienced in the same specialty and certified by the appropriate American board in the same specialty." [Citation omitted; emphasis added; internal quotation marks omitted.]). Given that Mogelof was not trained and experienced, or board certified, in the defendant's specialty of oral and maxillofacial surgery, as required by § 52-184c (c), the opinion letter submitted by the plaintiff was not legally sufficient under § 52-190a (a).

Despite the defendant's training and experience in oral and maxillofacial surgery, the plaintiff maintains that an opinion letter from a general dentist was sufficient in the present case because "there was no authentic public record by which to determine or verify that [the defendant] had training as an oral and maxillofacial surgeon" and she could verify only that the defendant was a licensed general dentist.[7] More specifically, the plaintiff argues that because the defendant's profile on the website of the Department of Public Health (department) did not indicate that he was a board certified oral and maxillofacial surgeon, she was not required to obtain an opinion letter from a board certified oral and maxillofacial surgeon. In response, the defendant argues that "there is no statutory requirement that the defendant's specialty training be verifiable on the website of a public health authority." We agree with the defendant.

As an initial matter, we reject the plaintiff's reliance on *Gonzales* v. *Langdon*, supra, 161 Conn. App. 497, to support her argument that she could rely solely on the information available on the department's website to determine the defendant's credentials. This court previously has rejected that argument. In *Gonzales*, "[t]he plaintiff argue[d] that she was only required to obtain an opinion letter authored by a board certified dermatologist because that was the only certification that was listed on [the defendant's] profile on the [department's] website." Id., 503. This court disagreed, concluding that the plaintiff had failed to obtain an opinion letter from

a similar health care provider. See *Gonzales* v. *Langdon*, supra, 503.

Nevertheless, the plaintiff in the present case claims that this court, in *Gonzales*, described reliance on the department's website as a "good faith effort . . . to attach an opinion letter authored by a similar health care provider." Id., 515. Our review of the case reveals that the plaintiff takes this quote out of context. In *Gonzales*, this court was simply explaining why the situation it confronted, where "the plaintiff made a good faith effort in her original complaint to attach an opinion letter authored by a similar health care provider"; id., 515; by looking at the department's website, differed from the situation in *New England Road, Inc.* v. *Planning & Zoning Commiss*ion, 308 Conn. 180, 189, 61 A.3d 505 (2013), where "the plaintiff failed to comply in any fashion with one or more of the process requirements." (Internal quotation marks omitted.) *Gonzales* v. *Langdon*, supra, 161 Conn. App. 515. More importantly, the reference to the plaintiff's "good faith effort" in *Gonzales* is found in this court's analysis of whether the trial court in that case improperly denied the plaintiff's request for leave to amend the complaint, not whether the plaintiff's reliance on the department's website rendered the opinion letter legally sufficient in the first place. Id., 509, 515. Accordingly, we find the plaintiff's reliance on *Gonzales* unavailing.[8]

The plaintiff argues that, aside from the department's website, she had no way of verifying the defendant's training in oral and maxillofacial surgery, and she "cannot be expected to match credentials that [she has] no way of discovering and verifying." We disagree.

We first note that the plain language of § 52-190a (a) requires that a plaintiff, prior to filing a medical malpractice action against a health care provider, make "*a reasonable inquiry as permitted by the circumstances* to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." (Emphasis added.) General Statutes § 52-190a (a). As part of that reasonable inquiry, a plaintiff "shall obtain a written and signed opinion of a similar health care provider, as defined in [§] 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section. . . ." See General Statutes § 52-190a (a). Our legislature amended § 52-190a (a) in 2005 to include this requirement that a plaintiff obtain "the written opinion of a similar health care provider that there appears to be evidence of medical negligence . . . [as] part of a comprehensive effort to control significant and continued increases in malpractice insurance premiums by reforming aspects of tort law, the insurance system and the public health regulatory system." (Citations omitted; internal quotation marks omitted.) *Wilkins* v. *Connecticut Childbirth & Women's Center*, supra, 314

Conn. 728. Thus, to the extent that the plaintiff suggests that she should not be expected to conduct a reasonable inquiry for a defendant health care provider's credentials, we disagree because the plain language of § 52-190a (a) requires her to do so.

Further, in focusing her argument solely on information that was available on the department's website, the plaintiff ignores the existence of other methods for ascertaining a defendant health care provider's credentials. She specifically could have asked Aspen Dental or the defendant for the defendant's credentials or resume, a simple request that she does not allege she undertook unsuccessfully in her affidavit in opposition to the defendant's motion to dismiss. Even if the defendant was not forthcoming with the plaintiff's requests for information on the defendant's credentials, the plaintiff could have filed a bill of discovery. See, e.g., *Journal Publishing Co.*, *Inc.* v. *Hartford Courant Co.*, 261 Conn. 673, 680–81, 804 A.2d 823 (2002) ("The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity . . . [and] is well recognized . . . . [B]ecause a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion. . . . To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. . . . Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, [t]he availability of other remedies . . . for obtaining information [does] not require the denial of the equitable relief . . . sought." [Internal quotations marks omitted.]). In sum, the department's website is not, as the plaintiff suggests, the only reliable method of obtaining or verifying a defendant health care provider's credentials.

The plaintiff's argument that she had no way of discovering or verifying the defendant's training and experience as an oral and maxillofacial surgeon is further undercut by Mogelof's identification, in his opinion letter, of notations in the medical file referring to the plaintiff's treatment by an "oral surgeon." Even if the plaintiff was unaware up to that point that the defendant had training as an oral and maxillofacial surgeon, she was put on notice once Mogelof identified the references in the medical file to treatment by an "oral surgeon." Moreover, if the plaintiff had become aware of the defect in the opinion letter before the statute of limitations had expired, she could have requested leave to amend the complaint and cured the defect. See *Gonzales* v. *Langdon*, supra, 161 Conn. App. 510 ("if a plain-

tiff alleging medical malpractice seeks to amend his or her complaint in order to amend the original opinion letter, or to substitute a new opinion letter . . . the trial court . . . has discretion to permit such an amendment if the plaintiff seeks to amend within the applicable statute of limitations but more than thirty days after the return day"). On the basis of the foregoing, we reject the plaintiff's argument that she had no way of discovering or verifying the defendant's credentials in order to obtain an opinion letter authored by a similar health care provider.

In sum, it is undisputed that the defendant is trained and experienced in oral and maxillofacial surgery. It is also undisputed that Mogelof is not trained and experienced in, or board certified in, the defendant's specialty of oral and maxillofacial surgery. Because Mogelof was not a "similar health care provider" as defined in § 52-184c (c), the opinion letter attached to the plaintiff's complaint was legally insufficient under § 52-190a (a), requiring dismissal of the case. See *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 28; General Statutes § 52-190a (c). Accordingly, the trial court properly granted the defendant's motion to dismiss for lack of personal jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Brendan Doyle's claim for loss of consortium is a derivative claim of Kate L. Doyle's claims. Therefore, we refer in this opinion to Kate L. Doyle as the plaintiff.

[2] On February 17, 2017, the plaintiff withdrew her appeal as to Aspen Dental of Southern CT, PC, and Aspen Dental Management, Inc. Accordingly, references herein to the defendant are to Kang.

[3] General Statutes § 52-190a (a) provides in relevant part: "No civil action . . . shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury . . . resulted from the negligence of a health care provider, unless the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . To show the existence of such good faith, the claimant or the claimant's attorney. . . shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion."

[4] General Statutes § 52-184c (c) provides: "If the defendant health care provider is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, a 'similar health care provider' is one who: (1) [i]s trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty; provided if the defendant health care provider is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a 'similar health care provider.' "

[5] The plaintiff additionally claims on appeal that the court erred in concluding that the requirement in § 52-184c (c) to obtain an opinion letter from an oral and maxillofacial surgeon also was triggered because the defendant "held himself out" as an oral and maxillofacial surgeon. Specifically, the plaintiff claims that there was insufficient evidence that the defendant was "held out" as a specialist trained and experienced in oral and maxillofacial surgery at the time of her treatment. Because our resolution of the plaintiff's first claim is dispositive of this appeal, we do not address this claim.

We also do not address the plaintiff's argument on appeal that "dismissal notwithstanding, the plaintiff still has a remedy under the accidental failure of suit statute, General Statutes § 52-592." As the plaintiff's counsel conceded at oral argument, this claim is not one that this court can address on appeal, as the plaintiff has not commenced an action pursuant to § 52-592.

[6] Attached to the defendant's supplemental memorandum of law in further support of his motion to dismiss was a supplemental affidavit, dated December 18, 2015, in which the defendant stated in relevant part: "Extractions, bone grafting procedures and implant placements are among the procedures that I was trained to perform during my post-graduate residency training program in oral and maxillofacial surgery. Extractions, bone grafting and implant placements are within the scope of practice of oral and maxillofacial surgery."

[7] To the extent that the plaintiff suggests that a plaintiff should not need to conduct an inquiry in order to ascertain a defendant health care provider's credentials prior to bringing an action, this may be a worthy issue for our legislature to address, but our role is not to contort legislation and is to apply its clear and unambiguous requirements and limitations. See *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 15–16 ("[g]iven the legislature's specific articulations of who is a similar health care provider under § 52-184c [b] and [c], we have hewn very closely to that language and declined to modify or expand it in any way").

[8] More generally, we also reject the plaintiff's argument that reliance on the information in a defendant health care provider's profile on the department's website is sufficient because such an interpretation would render meaningless the other two potential triggers of the requirements under § 52-184c (c)—trained and experienced in a medical specialty, or held out as a specialist—that our legislature has clearly defined. See *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 15–16. In other words, if we were to agree with the plaintiff, only board certification would trigger the requirements of § 52-184c (c), since it is alleged that only board certification is available on that website.

-------------------