******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHANE J. CARPENTER *v.* BRADLEY J.
DAAR ET AL.
(AC 42145)

Keller, Elgo and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant dentist, D, and
his business entity M Co., for medical malpractice in connection with
a dental procedure performed on the plaintiff by D. The plaintiff alleged
in his complaint that D held himself out as a specialist in endodontics
and attached to his complaint a good faith certificate from what he
alleged was a similar health care provider, S, an endodontist. The defen-
dants moved to dismiss on the ground that the opinion letter did not
comply with the requirements of the statute (§ 52-190a) because S was
not a similar health care provider as defined by statute (§ 52-184c). The
defendants attached an affidavit of D, in which he attested that he is a
general dentist. The plaintiff objected to the motion to dismiss and
attached a supplemental affidavit of S, which further elaborated on S's
qualifications as a similar health care provider. The trial court granted
the defendants' motion to dismiss on the ground that the plaintiff had
failed to provide an opinion letter from a similar health care provider
as required by §§ 52-190a and 52-184c. Specifically, because the plaintiff
had attached an opinion letter authored by S, a specialist in endodontics,
and D was a general dentist, the trial court determined that S's opinion
letter was not that of a similar health care provider because D was not
a specialist as defined by § 52-184c (c) and, thus, the opinion letter
was required to be authored by a general dentist. Moreover, the court
concluded that there was no information to establish that S had been
involved in the teaching or practice of general dentistry in the five year
period before the procedure so as to be a similar health care provider
as defined by § 52-184c (b). The court rendered judgment in favor of
the defendants and the plaintiff appealed to this court. *Held*:

1. The defendants could not prevail on their unpreserved claim that the trial
court should not have considered the supplemental affidavit submitted
by the plaintiff because it was obtained after the statute of limitations
had expired and the court failed to state a factual basis for its application
of the accidental failure of suit statute (§ 52-592), which would have
extended the statute of limitations for an additional year from the date
judgment of dismissal was rendered in the plaintiff's prior action;
although the defendants labeled their claim as an alternative ground for
affirmance, they were seeking to alter the court's judgment to an extent
that would actually require reversal and the defendants failed to file a
cross appeal and likely could not have done so, given the fact that they
prevailed and that they failed to seek reconsideration or articulation of
the court's ruling that § 52-592 applied; moreover, to afford the defen-
dants relief with respect to this claim would be prejudicial to the plaintiff,
who has repeatedly briefed and argued his claim that the opinion letter is
compliant with § 52-190a (a), with or without the supplemental affidavit.

2. The trial court properly determined that D was a nonspecialist practicing
general dentistry; it was undisputed that D was not certified by the
appropriate American board as a specialist and that he was not trained
or experienced in a specialty, as the plaintiff failed to allege this in his
complaint, and D attested in an affidavit that he was general dentist
and that the dental procedure was performed in that capacity, and the
plaintiff did not submit any counteraffidavits.

3. The judgment of the trial court was affirmed on the alternative ground
that the trial court should not have considered the supplemental affidavit
and the opinion letter was legally insufficient because it did not establish
that S was a similar health care provider pursuant to the statutory
nonspecialist definition in § 52-184c (b); the plaintiff was required to
properly amend his complaint to make the allegations in the supplemen-
tal affidavit a part of the pleading process, as correcting deficiencies in
process requires more than the filing of an affidavit, and, in failing to
do so, the opinion letter that was attached to the plaintiff's complaint

was insufficient to establish that S was someone teaching in the nonspecialty field of general dentistry, so as to qualify as a similar health care provider under § 52-184c (b).

Argued January 6—officially released August 4, 2020

*Procedural History*

Action to recover damages for the defendants' alleged medical malpractice, brought to the Superior Court in the judicial district of Middlesex, where the court, *Domnarski, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Kyle J. Zrenda*, with whom was *Theodore W. Heiser*, for the appellant (plaintiff).

*Beverly Knapp Anderson*, for the appellees (defendants).

*Opinion*

KELLER, J. The plaintiff, Shane J. Carpenter, appeals from the judgment rendered by the trial court dismissing his medical malpractice action against the defendants, Dr. Bradley J. Daar (Daar), a dentist, and his business entity, Shoreline Modern Dental, LLC (Shoreline). The plaintiff claims that the court erred in determining that his certificate of good faith, specifically, the accompanying opinion letter, as supplemented by an affidavit filed with the plaintiff's objection to the motion to dismiss, (supplemental affidavit) failed to meet the requirements of General Statutes § 52-190a because the author of the opinion letter and supplemental affidavit, Dr. Charles S. Solomon[1] (Solomon), was not a "similar health care provider" as defined in General Statutes § 52-184c.

The defendants counter that the certificate of good faith and its accompanying opinion letter did not demonstrate that Solomon was a similar health care provider under the definitions set forth in § 52-184c. They further assert, as alternative grounds for affirmance of the trial court's judgment, that the supplemental affidavit should not have been considered by the trial court because (1) it was procedurally improper for the plaintiff to have attempted to cure a § 52-190a (a) defect in an opinion letter attached to the complaint with information contained in a supplemental affidavit of the author of the opinion without amending the complaint; (2) it was obtained and submitted by the plaintiff after the two year statute of limitations in General Statutes § 52-584 had expired, and the court failed to state a factual basis to support the applicability of the accidental failure of suit statute, General Statutes § 52-592, which would have extended the statute of limitations for an additional year from the date the judgment of dismissal was entered in the first action; see General Statutes § 52-190a (a); and (3) without the supplemental affidavit, the opinion letter attached to the complaint did not contain sufficient information to demonstrate that Solomon is a similar health care provider to Daar under either definition of a similar health care provider set forth in § 52-184c. We affirm the judgment of the trial court.

The following relevant facts, alleged as the factual predicate for the plaintiff's cause of action or as found by the court, and procedural history are relevant to our disposition of this appeal. On June 1, 2017, in the judicial district of Middlesex, the plaintiff commenced a prior medical malpractice action against the defendants, based on the same alleged conduct as in the present case. See *Carpenter* v. *Daar*, Superior Court, judicial district of Middlesex, Docket No. CV-17-6017957-S.[2] On October 11, 2017, the court dismissed the plaintiff's first medical malpractice action against the defendants because the opinion letter attached to the complaint,

which also was authored by Solomon, did not comply with § 52-190a (a). Although the letter contained an opinion as to whether there was evidence that medical negligence had occurred, it did not contain, pursuant to § 52-184c, any information regarding Solomon's training and experience to establish that he was a similar health care provider to Daar. Although the plaintiff filed a request to amend his complaint, it was undisputed that his request was filed after the applicable two year statute of limitations in § 52-584 had expired.

On February 21, 2018, the plaintiff commenced the present action against the defendants pursuant to the accidental failure of suit statute. See General Statutes § 52-592. As to dental malpractice, the plaintiff alleged that on June 16, 2015, during root canal surgery, Daar negligently failed to diagnose and treat an infection in the plaintiff's tooth and that, as a result, the plaintiff suffered an infection in his mouth, throat, face and neck that required additional emergency medical care, hospitalization, oral and neck surgery and continuing dental treatment. The plaintiff named Shoreline as a defendant on the basis of vicarious liability for Daar's negligent treatment.

Pursuant to § 52-184c (c), the plaintiff further alleged that Daar held himself out as a specialist in endodontics on Shoreline's website by indicating that he had completed hundreds of hours of training in endodontics and by providing a general explanation of the nature of that dental specialty.

The plaintiff attached to his complaint a good faith certificate and what he alleged in the complaint to be a "written and signed opinion from a similar health care provider stating that there appears to be evidence of negligence by the defendants, a violation of the standard of care, and providing detailed basis for the formation of that opinion, along with a supplemental correspondence outlining that similar health care provider's qualifications." The "written and signed opinion letter" attached to the complaint is the same letter from Solomon that was deemed noncompliant with § 52-190a (a) in the prior action. The "supplemental correspondence" attached to the complaint, dated August 10, 2017, contained information regarding Solomon's qualifications to establish that he was a similar health care provider to Daar.[3] The supplemental correspondence, also authored by Solomon, indicated that he is a graduate of Columbia University College of Dental Medicine (Columbia), had been licensed to practice dentistry in the state of New York, "with credentials that would satisfy the requirement of any other state," and received his "specialty [b]oards in [e]ndodontics" in 1970. It also stated that Solomon practiced endodontics in New York for more than forty years, and that for the past eight years he has been a full-time clinical professor of endodontics at Columbia, "teaching clinical and didactic

[e]ndodontics."

On April 5, 2018, the defendants moved to dismiss the present action on the ground that the opinion letter did not comply with §§ 52-190a (a) and 52-184c because it failed to demonstrate that Solomon is a similar health care provider to Daar, who is a general dentist, not a specialist in endodontics. They argued that, as an endodontist, Solomon is not a similar health care provider under § 52-184c (b) because Daar is not a specialist in endodontics and was not holding himself out to be one. They further argued that Solomon also was not a similar health care provider under § 52-184c (c) because Daar is a practitioner of general dentistry and Solomon had not practiced or taught general dentistry within the five years preceding June 16, 2017.[4] In addition to submitting a memorandum of law in support of the motion to dismiss, the defendants attached an affidavit from Daar with other related exhibits.

In his affidavit, Daar attested that he is a general dentist and has been licensed by the state of Connecticut to practice dentistry since November, 1982. He indicated that, as a general dentist, he provides such services as fillings, inlay and onlays, crowns and bridges, dentures, veneers, root canal treatments, simple extractions, teeth whitening, certain types of orthodontics, mouth guards, and some periodontal treatments. Daar stated that he performed the root canal treatment on the plaintiff's tooth in 2015 in his capacity as a general dentist. He further indicated that a quotation from Shoreline's website, on which the plaintiff relied in his complaint to support his allegations that Daar was holding himself out as a specialist in endodontics, was only a partial excerpt of a sentence, which stated in full: "[Daar] has completed hundreds of hours of training in [e]ndodontics, [o]rthodontics, [p]eriodontics, [d]ental [i]mplants, [s]leep [a]pnea and more."

In support of his allegation that Daar held himself out to be a specialist in endodontics, the plaintiff also relied on information found on the website related to Daar's practice, in particular, information related to endodontics that was accessed in a portion of the website related to "Patient Education" and "Services." In his affidavit, Daar attested that, in the same portion of the website, eleven additional links appeared. These included links to the following subjects: educational videos, cosmetic and general dentistry, emergency care, implant dentistry, oral health, oral hygiene, oral surgery, orthodontics, pediatric dentistry, periodontal therapy and technology.

The plaintiff filed an objection to the motion to dismiss on June 5, 2018.[5] The plaintiff continued to argue that, as alleged in his complaint and on the basis of the statements on Shoreline's website, Daar had held himself out to be a specialist in endodontics and, thus, Solomon, a specialist in endodontics, was a similar

health care provider to Daar pursuant to § 52-184c (c). The plaintiff did not submit any evidence to dispute the facts set forth in Daar's affidavit, which sought to establish that, at the time of the root canal procedure, Daar was a general dentist, not a specialist in endodontics or someone holding himself out to be a specialist in endodontics. The plaintiff did not request leave to amend his complaint to attach a new or amended opinion letter.[6] Instead, the plaintiff attempted to cure the alleged defects in the opinion letter, which the defendants claimed mandated a dismissal, by submitting, as an exhibit to his objection to the motion to dismiss, a supplemental affidavit, executed by Solomon on May 30, 2018, which further elaborated on his qualifications as a similar health care provider. In his supplemental affidavit, Solomon attested in relevant part that he is a clinical professor of dentistry at Columbia, served as the Director of the Division of Endodontics from 2009 and continued in that position to 2017, is a Diplomate of the American Board of Endodontics,[7] past President of the New York Section of the American College of Dentists and past President of the New York Academy of Dentistry. He further attested that (1) he teaches both undergraduate and postgraduate students in endodontics at Columbia and that his "lectures to undergraduate students involve general dentistry and the performance of endodontic procedures, including root canals, by general dentists; (2) "[t]he present case involves an endodontic procedure performed by a general dentist"; (3) "the proper standards, procedures, and care to be followed is the subject of my teaching to undergraduate dental students and has been for more than the last five years"; and (4) "[t]he standard of care with respect to the treatment provided by a general dentist in the scenario presented in this case and an endodontist is the same."

The plaintiff did not withdraw the allegation in his complaint that, he maintained, alleged that Daar held himself out to be a specialist. On the basis of the opinion letter, alone or together with the supplemental affidavit, the plaintiff argued that, even if Daar is a nonspecialist, Solomon is a similar health care provider to Daar because, pursuant to § 52-184c (b), Solomon's teaching involved instruction in endodontics as it pertains to the practice of general dentistry, specifically relevant to root canals, during the requisite five year period.

Following oral argument on the motion to dismiss on July 30, 2018, the trial court issued a memorandum of decision dated September 7, 2018. The court first rejected the defendants' argument, first set forth in the defendants' reply to the plaintiff's objection to the motion to dismiss, that the plaintiff could not cure any deficiencies in the opinion letter attached to his complaint with Solomon's supplemental affidavit because it was filed after the statute of limitations had expired. The court, citing this court's decision in *Gonzales* v.

*Langdon*, 161 Conn. App. 497, 510, 128 A.3d 562 (2015),[8] noted that the defendants had argued that the plaintiff could not evade the clear limits set forth in *Gonzales* by submitting his opinion letter and Solomon's supplemental affidavit after the limitation period had expired. The court stated: "The defendant[s] [argue] that under the holding of [*Gonzales*], the court cannot consider the information contained in the [supplemental] affidavit because it has been filed after the expiration of the two year statute of limitations contained in . . . § 52-584. *Gonzales* established that amendments to legally insufficient opinion letters are permitted only if they are filed within the applicable statute of limitations. . . . The action in *Gonzales* was brought within the two year statute of limitations contained in § 52-584. . . . The present case is distinguishable from *Gonzales* since it was brought under the accidental failure of suit statute, § 52-592. Based upon Supreme Court precedent, this court concludes that the accidental failure of suit statute effectively modifies and extends the time limitations period imposed by § 52-584 by the period of time the plaintiff is allowed to bring a second action under § 52-592. . . . In this case, the statute of limitations contained in § 52-584 does not bar the filing of the affidavit by the author of an opinion letter. The original action was dismissed on October 11, 2017. This action, and the affidavit from the opinion author, have been filed within the time allowed under § 52-592."[9] (Citations omitted.) The court did not find any facts or provide any analysis as to why, under the circumstances of this case, the plaintiff was entitled to the benefit of the saving provisions of the accidental failure of suit statute, § 52-592.

The court next analyzed the sufficiency of the opinion letter as amended by the filing of the supplemental affidavit. It first concluded that the applicable definition of a similar health care provider was the nonspecialist definition in subsection (b) of § 52-184c, rather than the specialist definition in subsection (c), as alleged by the plaintiff in his complaint.[10] The court found that, "[i]n the present case, in connection with his claim that the defendant is a specialist, the plaintiff has not utilized the specific language contained in § 52-184c (c) and has not alleged that the defendant is 'trained and experienced in a medical specialty, or holds himself out as a specialist' in endodontics. The plaintiff only alleged that the defendant 'held himself out as a *practitioner* of endodontics' and 'has completed hundreds of hours of training in endodontics.' " (Emphasis in original). The court, citing *Labissoniere* v. *Gaylord Hospital, Inc.*, 182 Conn. App. 445, 453, 185 A.3d 680 (2018), noted that the plaintiff had not provided an affidavit disputing the facts contained in the defendants' affidavit in support of their motion to dismiss and, that under such circumstances, the court "need not conclusively presume the validity of the allegations in the complaint."

The court concluded that Daar was not a specialist as that term is defined in § 52-184c (c), and therefore any opinion from a similar health care provider must come from a general dentist.

The court next rejected the plaintiff's alternative argument that Solomon was qualified as a similar health care provider under the nonspecialist definition in § 52-184c (b), which requires a similar health care provider to be "trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine [general dentistry] within the five-year period before the incident giving rise to the claim." The court found that "[t]here is a lack of information to establish that [Solomon] has practiced general dentistry within the requisite five year period. Furthermore, there is a paucity of facts from which it can be found he has been teaching *general dentistry* during that period. From the information provided, the court finds that [Solomon] is a specialist in endodontics and he has training and experience as a result of the active teaching of endodontics. He is not, however, a similar health care provider to the defendant, who is a general dentist. The fact that [Solomon] teaches endodontics to undergraduate dental students does not equate to the teaching of general dentistry. If such were the case, any teaching specialist at a dental school or medical school would automatically be a similar health care provider to any nonspecialist dentist or medical doctor. Such an interpretation would vitiate the provisions of § 52-184c which requires different qualifications for a specialist and a nonspecialist health care provider."[11] (Emphasis in original.)

As a result, the court granted the motion to dismiss as to Daar. Because the alleged liability of Shoreline was derivative of the cause of action brought against Daar, the court also granted the motion as to that defendant as well, and rendered judgment in favor of both defendants. This appeal followed.

Before we turn to the claims raised by the plaintiff, we set forth relevant statutory provisions and legal principles pertaining to opinion letters in medical malpractice actions. Section 52-190a provides in relevant part: "(a) No civil action . . . shall be filed to recover damages resulting from personal injury or wrongful death . . . whether in tort or contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds

exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. Such written opinion shall not be subject to discovery by any party except for questioning the validity of the certificate. The claimant or the claimant's attorney . . . shall retain the original written opinion and shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

As this court has explained, "[t]he purpose of [§ 52-190a (a)] is to discourage frivolous lawsuits against health care providers. . . . One of the mechanisms introduced in the amendments to the statute of 2005 was the written opinion requirement. The ultimate purpose of this requirement is to demonstrate the existence of the claimant's good faith in bringing the complaint by having a witness, qualified under . . . § 52-184c, state in written form that there appears to be evidence of a breach of the applicable standard of care. . . . The person rendering this opinion is not required by § 52-190a (a) to be the expert witness on medical negligence to be used at the time of trial by the plaintiff." (Citation omitted.) *Wilcox* v. *Schwartz*, 119 Conn. App. 808, 816, 990 A.2d 366 (2010), aff'd, 303 Conn. 630, 37 A.3d 133 (2012). The statutory condition that an opinion letter written by a similar health care provider be appended to the complaint was "implemented to prevent frivolous medical malpractice actions by requiring *a medical professional with expertise in the particular medical field involved in the claim* to offer his or her professional opinion that the standard of care was breached in a particular instance." (Emphasis added.) *Wilkins* v. *Connecticut Childbirth & Women's Center*, 314 Conn. 709, 730, 104 A.3d 671 (2014).

Section 52-184c provides in relevant part: "(b) If the defendant health care provider is not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself out as a specialist, a 'similar health care provider' is one who: (1) Is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications, and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or

teaching of medicine within the five-year period before the incident giving rise to the claim.

"(c) If the defendant health care provider is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, a 'similar health care provider' is one who: (1) Is trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty; provided if the defendant health care provider is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a 'similar health care provider.' "

Next, we set forth the standard of review applicable to a judgment rendered following the granting of a motion to dismiss. "[A] motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 350, 63 A.3d 940 (2013). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002). In a medical malpractice action, despite the allegations in the plaintiff's complaint, it is proper to consider undisputed facts contained in affidavits when deciding a motion to dismiss if the affidavits provide independent evidence of the nature of a defendant's medical practice. See *Labissoniere* v. *Gaylord Hospital, Inc.*, supra, 182 Conn. App. 453–54. "Where . . . the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Footnote omitted; internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 346–47, 766 A.2d 400 (2001). Generally, "[i]f affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. . . .

"Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute,

it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Citations omitted; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009). "When the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether, on the basis of those facts, the trial court's conclusions of law are legally and logically correct." (Internal quotation marks omitted.) *Lucisano* v. *Bisson*, 132 Conn. App. 459, 463–64, 34 A.3d 983 (2011). "As a general matter, the burden is placed on the defendant to disprove personal jurisdiction." *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 515, 923 A.2d 638 (2007).

As the foregoing cases reflect, generally, in ruling on a motion to dismiss, it may be appropriate for a court to consider more than the factual allegations of a complaint, including undisputed facts submitted for the court's consideration by way of affidavits and counteraffidavits. See, e.g., *Cuozzo* v. *Orange*, 315 Conn. 606, 615–16, 109 A.3d 903 (2015). Because, however, of the distinctive nature of opinion letters, which are part of process, it is imperative that they are not merely added to the record, but that they are properly made part of the pleadings, thus rectifying any defects in process. Thus, opinion letters necessarily are treated differently than affidavits and counteraffidavits submitted in support of and in opposition to a motion to dismiss in other types of civil actions.

When evaluating whether the author of the written opinion letter is a "similar health care provider," the court must examine the allegations of the complaint, keeping in mind that "the actual board certification of the defendant is not what matters; the appropriate similar health care provider is defined by the allegations of the complaint." *Gonzales* v. *Langdon*, supra, 161 Conn. App. 506.

The interpretation of § 52-190a is a question of law over which this court exercises plenary review. *Dias* v. *Grady*, 292 Conn. 350, 354, 972 A.2d 715 (2009). "Failure to comply with the statutory requirements of service renders a complaint subject to a motion to dismiss on the ground of lack of personal jurisdiction. . . . Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 401, 21 A.3d 451 (2011).

I

We begin by addressing the defendants' first claim, which they label as an alternative ground for affirmance. The defendants claim, for the first time on appeal, that the court should not have considered the

supplemental affidavit prepared by Solomon because it was obtained and submitted by the plaintiff after the two-year statute of limitations in § 52-584 had expired, and the court failed to state a factual basis to support the applicability of the accidental failure of suit statute, § 52-592, which would have extended the statute of limitations for an additional year from the date the judgment of dismissal was entered in the first action. See General Statutes § 52-592 (a). For the reasons that follow, we decline to afford the defendants relief with respect to this alternative ground for affirmance.

First, for the reasons that follow, if the court erred in failing to state a factual basis to support the applicability of § 52-592 before it addressed the sufficiency of the opinion letter and the affidavit, this would not be an alternative ground for affirmance but, rather, a ground for reversal, a remedy that the defendants do not seek, as they have filed no cross appeal. This court does not find facts, and this matter would have to be remanded for the court to hear evidence and make a factual determination on whether the accidental failure of suit statute may apply in this case. As a general rule, "[i]f an appellee wishes to change the judgment in any way, the party must file a cross appeal." (Internal quotation marks omitted.) *East Windsor* v. *East Windsor Housing, Ltd., LLC*, 150 Conn. App. 268, 270 n.1, 92 A.3d 955 (2014); id. (refusing appellee's request "to direct the trial court to remove costs of seven title searches and seven filing fees from the fees awarded to the plaintiff" because of failure to file cross appeal); see also *River Dock & Pile, Inc.* v. *O & G Industries, Inc.*, 219 Conn. 787, 792 n.5, 595 A.2d 839 (1991) (declining to reach alternative claims for relief raised by appellee because appellee failed to file cross appeal); *Farmers & Mechanics Savings Bank* v. *First Federal Savings & Loan Assn. of Meriden*, 167 Conn. 294, 303 n.4, 355 A.2d 260 (1974) (declining to consider briefed issue concerning validity of restrictive covenants because, although appellees "raised this issue at the trial level, the trial court did not find it necessary to rule thereon," and appellee did not "file a cross appeal assigning error in the court's failure to treat this issue"); *East Windsor* v. *East Windsor Housing, Ltd., LLC*, supra, 270 n.1. This rule is not, however, absolute, and the court may consider such a claim otherwise improperly raised in the appellee's brief in the absence of prejudice to the appellant. See *Akin* v. *Norwalk*, 163 Conn. 68, 70–71, 301 A.2d 258 (1972); *Rizzo* v. *Price*, 162 Conn. 504, 512–13, 294 A.2d 541 (1972); *DiSesa* v. *Hickey*, 160 Conn. 250, 262–63, 278 A.2d 785 (1971).

The following procedural history pertains to this claim. During oral argument before the trial court, the court inquired of counsel for the defendants how she could claim the opinion letter and the supplemental affidavit, dated May 30, 2018, had been submitted beyond the statute of limitations. As previously noted,

the prior action was dismissed on October 11, 2017, and, pursuant to the accidental failure of suit statute, § 52-592, the plaintiff would have been entitled to commence the present action for up to one year following the dismissal of the prior action. Counsel for the defendants responded that the issue of whether this suit was brought properly under the accidental failure of suit statute was not an issue for a motion to dismiss, but that it could be an issue for a summary judgment motion "someday down the line." Counsel for the defendants indicated that, for purposes of the motion to dismiss, the court only had to consider § 52-190a (a) and whether the information in the opinion letter attached to the complaint was sufficient. The defendants argued that, if it was not, the court needed to determine whether the subsequently filed supplemental affidavit could even be considered and, if it could, whether it sufficiently amended the opinion letter.

We begin with the law pertaining to the applicability of the accidental failure of suit statute to medical malpractice actions dismissed for failure to supply an appropriate opinion letter from a similar health care provider. The accidental failure of suit statute is a saving statute that is intended to promote "the strong policy favoring the adjudication of cases on their merits rather than the disposal of them on the grounds enumerated in § 52-592 (a)." *Peabody N.E., Inc.* v. *Dept. of Transportation*, 250 Conn. 105, 127, 735 A.2d 782 (1999). Nevertheless, that "policy is not without limits. If it were, there would be no statutes of limitations. Even the saving statute does not guarantee that all plaintiffs have the opportunity to have their cases decided on the merits. It merely allows them a limited opportunity to correct certain defects in their actions within a certain period of time." Id., 127–28.

In *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 12 A.3d 885 (2011), our Supreme Court held that "when a medical malpractice action has been dismissed pursuant to § 52-190a (c) for failure to supply an opinion letter by a similar health care provider required by § 52-190a (a), a plaintiff may commence an otherwise time barred new action pursuant to the matter of form provisions of § 52-592 (a) only if that failure was caused by a simple mistake or omission, rather than egregious conduct or gross negligence . . . ." Id., 46–47. The issue of whether § 52-592 (a) applies cannot be decided in a factual vacuum. "[T]o enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a matter of form in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." (Emphasis omitted; internal quotation marks omitted.) Id., 50.

The plaintiff's complaint does not allege any factual basis as to why, pursuant to § 52-592 (a), the circumstances leading to the dismissal of his first malpractice action constituted a matter of form and, therefore, warranted application of the saving statute. Thus, there was no basis on which the court, in hearing the motion to dismiss, could have found facts that supported applying § 52-592 on the basis of allegations in the complaint. We note, as well, that there was no discussion whatsoever in the record as to the reasons for the plaintiff's production of a noncompliant opinion letter in the first action.

The court, without providing either party the opportunity to present evidence as to whether the plaintiff's noncompliance with § 52-190a (a) in his first action was the result of a mistake, inadvertence, or excusable neglect, concluded that the plaintiff could avail himself of the accidental failure of suit statute's saving provisions. The question raised by the defendants for the first time on appeal is whether the court should have made such a ruling in the absence of any factual findings to support it, because *Plante* requires that "a plaintiff may bring a subsequent medical malpractice action pursuant to the matter of form provision of § 52-592 (a) only when the trial court finds as a matter of fact that the failure in the first action to provide an opinion letter that satisfied § 52-190a (a) was the result of mistake, inadvertence or excusable neglect, rather than egregious conduct or gross negligence on the part of the plaintiff or his attorney." *Plante* v. *Charlotte Hungerford Hospital*, supra, 300 Conn. 56; see also *Santorso* v. *Bristol Hospital*, supra, 308 Conn. 358 (after plaintiff's counsel declined court's invitation to explain failure to comply with requirements of § 52-190a (a), no record existed to establish that failure to file good faith certificate and opinion letters in first action was result of mistake, inadvertence, or excusable neglect and therefore second action not saved by accidental failure of suit statute).[12] As a result, no allegations in the complaint, evidentiary facts or argument being presented to suggest otherwise, the court overlooked the directive in *Plante* that requires it to find a factual basis for allowing a plaintiff the benefit of the saving statute.[13]

This claim raises issues of fact, particularly with respect to the reasons the plaintiff or counsel for the plaintiff provided a deficient opinion letter in his first action against the defendants that would have been more properly considered by the trial judge in the first instance, particularly since this same trial judge ordered the dismissal of the plaintiff's first action. See *Gianetti* v. *Norwalk Hospital*, 266 Conn. 544, 560, 833 A.2d 891 (2003) ("[o]rdinarily it is not the function of this court or the Appellate Court to make factual findings, but rather to decide whether the decision of the trial court was clearly erroneous in light of the evidence . . . in

the whole record" (internal quotation marks omitted)); *Rizzo* v. *Price*, supra, 162 Conn. 513 (declining to review appellee's challenge, raised for first time in brief, to trial court's failure to make certain factual conclusions as "clearly prejudicial to the appellant").

The defendants are not presently seeking to affirm the trial court's judgment, but are seeking to alter it to an extent that would require reversal. We decline to afford the defendants, who prevailed in the trial court and have not filed a cross appeal, relief with respect to this claim. Generally, a party who prevails in the lower court is unable to file a cross appeal. See, e.g., *Skakel* v. *Commissioner of Correction*, 325 Conn. 426, 528 n.35, 159 A.3d 109 (2016); *Sekor* v. *Board of Education*, 240 Conn. 119, 121 n.2, 689 A.2d 1112 (1997); *Greene* v. *Keating*, 197 Conn. App. 447, 449 n.2,    A.3d    (2020); *Brown* v. *Villano*, 49 Conn. App. 365, 372 n.6, 716 A.2d 111, cert. denied, 247 Conn. 904, 720 A.2d 513 (1998). We also believe such a course of action would be prejudicial to the plaintiff who already has repeatedly briefed and argued the merits of his claim that the opinion letter, with or without the supplemental affidavit, is compliant with § 52-190a (a), an issue he would not have been able to address had the court determined facts that would not have permitted him to avail himself of the accidental failure of suit statute. Not only did counsel for the defendants advise the court not to reach this issue, the defendants never sought reconsideration or articulation of the court's ruling that § 52-592 applied. Were we to reverse and remand this case for an evidentiary hearing on the applicability of § 52-592 pursuant to *Plante*, the parties might find themselves in the same position in which they both stand before us now should the court, on remand, make the not unlikely factual determination that the plaintiff could avail himself of the accidental failure of suit statute. Even with the extended time provided by the saving statute, the time limitation already has expired as of October 11, 2018, and, pursuant to the ruling in *Gonzales*, the plaintiff could not amend or supplement his opinion letter further during any reconsideration of the defendants' motion to dismiss on remand. Consequently, on remand, the trial court possibly would be faced with the same issue we have decided to address in this appeal—whether the plaintiff complied with the requirements of § 52-190a (a) based on the existing documentation the trial court reviewed during the hearing on the motion to dismiss on July 30, 2018. Thus, it is appropriate for us to turn our focus, instead, to the opinion letter and supplemental affidavit that are the primary subjects of this appeal.

II

We next address the defendants' first and third alternative grounds for affirmance because they are interrelated and, considered together, they are dispositive of

this appeal.[14] We agree with the defendants' first alternative ground for affirmance that the plaintiff, in lieu of amending his complaint, cannot cure a § 52-190a (a) defect in the opinion letter attached to the complaint with information contained in a subsequently filed supplemental affidavit of the opinion author where the plaintiff continues to maintain that his complaint properly alleged that Daar was "holding himself out as a specialist," and the supplemental affidavit attempted to provide information that allegedly qualified Solomon as a "similar health care provider" pursuant to the nonspecialist definition set forth in § 52-184c (b). We conclude that such a material turnabout in what the plaintiff maintains his opinion letter purports to demonstrate as to the professional similarities between the defendant and the author of an opinion letter should be accomplished only by the filing of an amendment to the complaint. In other words, in order to potentially rely on the supplemental affidavit to avoid dismissal, the plaintiff first had to amend his complaint to allege that Daar was either a nonspecialist engaged in the practice of general dentistry or, alternatively, that he was holding himself out to be a specialist.

Furthermore, in addressing the defendants' third alternative ground for affirmance that the opinion letter attached to the complaint did not contain sufficient information to demonstrate that Solomon is a similar health care provider to Daar under the specialist definition of a similar health care provider in § 52-184c (c), we necessarily address and disagree with the plaintiff's claim that the court erred in determining that the author of the opinion letter was not a similar health care provider as defined in § 52-184c (c).[15] First, we disagree with the plaintiff's claim that the specialist definition in subsection § 52-184c (c) should apply in this case. Second, because we conclude it was error to consider the supplemental affidavit, we agree with the defendants that the opinion letter attached to the complaint was insufficient to establish that Solomon is a similar health care provider to Daar pursuant to § 52-184c (b).[16]

"The interpretation of § 52-190a is a question of law over which this court exercises plenary review. . . . Moreover, review of the trial court's ultimate legal conclusion and resulting [decision to] grant [a] motion to dismiss will be de novo.'"" (Citation omitted; internal quotation marks omitted.) *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 395. Our Supreme Court has "hewn very closely" to the legislature's specific articulation of a similar health care provider under subsections (b) and (c) of § 52-184c, expressly declining to expand or modify it in any way. See *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 15–16, 12 A.3d 865 (2011). As we observed previously, "[w]hen the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether, on the basis of those facts, the trial court's conclusions of law are legally and logi-

cally correct." (Internal quotation marks omitted.) *Lucisano* v. *Bisson*, supra, 132 Conn. App. 463–64.

We begin by determining whether the court properly found that Daar, at the time of the alleged negligent root canal procedure, was a nonspecialist practicing general dentistry rather than a specialist in endodontics because, as the plaintiff purports to have alleged, Daar was holding himself out as a specialist. This is necessary because such a determination makes either subsection (b) or subsection (c) of § 52-184c applicable to the type of health care provider who properly should have authored the opinion letter.

It is not disputed that Daar is not certified by the appropriate American board as a specialist, and he is not trained and experienced in a medical specialty.[17] The plaintiff's complaint failed to allege that Daar was "trained and experienced in a medical specialty, or holds himself out as a specialist" in endodontics, the specific language set forth in § 52-184c (b) for determining whether or not a defendant provider should be considered a specialist. The plaintiff only alleged that the defendant "held himself out as a practitioner of endodontics" and "has completed hundreds of hours of training in endodontics." The plaintiff also did not allege that in performing the root canal, Daar provided treatment for a condition not within his specialty, in which case, pursuant to an exception contained in § 52-184c (c), a specialist trained in the treatment or diagnosis for that condition shall be considered a similar health care provider. Indeed, both the plaintiff and the defendants acknowledge that dentists practicing general dentistry do perform root canals and other procedures also performed by specialists in dentistry, despite their lack of board certification in any specialty.

As the court found, the affidavit of Daar submitted in connection with the defendants' motion to dismiss supported the conclusion that he is a general dentist and that the root canal treatment he performed on the plaintiff was performed in his capacity as a general dentist. The "hundreds of hours" training alleged to be stated on Daar's website by the plaintiff, in the statement in which it is contained, did not modify only the word, "[e]ndodontics," it also modified "[o]rthodontics, [p]eriodontics, [d]ental [i]mplants, [s]leep [a]pnea," and more. It thus could not be read as any indication that Daar had hundreds of hours of training in endodontics and it cannot be specifically determined from this promotional website the exact amount of hours of training he may have had in endodontics. The allegation that there is a statement on the website that Daar completed hundreds of hours of training in endodontics, does not support a finding that Daar held himself out as an endodontic specialist. The website actually states that Daar "has completed hundreds of hours of training" in many subjects. There is a distinction between a general den-

tist's training and experience, including continuing education and a postdoctoral specialty resident program required to become a specialist in a recognized dental specialty. General Statutes § 20-106a prohibits any licensed or registered dentist from designating that his practice is limited to a specialty recognized by the American Dental Association unless the dentist has completed two or more years of advanced or postgraduate education in the area of the specialty. The completion of hours of continuing education over the years when Daar has been practicing as a general dentist in Connecticut since 1982, is not synonymous with being a specialist. Dentists in Connecticut are prohibited from renewing their practice licenses unless they take a requisite number of continuing education credits. See General Statutes § 20-126c (b) (requiring all licensed dentists to have minimum of twenty-four contact hours of continuing education within twenty-four months preceding their application for renewal). The plaintiff's theory that hours of continuing education contributes to holding oneself out as a specialist would result in treating all physicians and dentists, regardless of whether they are trained and experienced in a specialty, as health providers holding themselves out as specialists merely because they have completed required continuing education. "This construction would run afoul of the basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions." (Internal quotation marks omitted.) *Bennett* v. *New Milford Hospital*, supra, 300 Conn. 23. We conclude that the defendants' informative and promotional website references did not equate to Daar's holding himself out as a specialist in endodontics.[18]

Moreover, the plaintiff took no steps to counter the contents of Daar's affidavit, which indicated that he has been engaged in the practice of general dentistry since 1982 and refuted the plaintiff's mischaracterization of the content of his website.

As we recently explained in *Labissoniere* v. *Gaylord Hospital, Inc.*, supra, 182 Conn. App. 445, Practice Book § 10-3 (c) allows either party to submit affidavits and/ or other evidence in support of a motion to dismiss. "If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings." (Internal quotation marks omitted.) Id., 453.

The court was not bound to presume the validity of only the facts alleged in the complaint. Furthermore, it noted that the complaint itself failed to sufficiently allege Daar was holding himself out as a specialist. The indeterminate complaint, as well as the undisputed facts alleged in Daar's affidavit, justified the court's

conclusion that Daar was neither a specialist, nor holding himself out to be one, and thus, pursuant to § 52-184c (b), any opinion from a similar health care provider must come from "someone who (1) is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim."[19]

Next, we must determine whether the opinion letter, consisting of the two letters from Solomon attached to the plaintiff's complaint as an exhibit in the present action, sufficiently established that Solomon qualified as a similar health care provider pursuant to §§ 52-190a (a) and 52-184c (b). The first letter is the same one that was attached to the plaintiff's complaint as the opinion letter in his first action, which the court dismissed because that letter, in and of itself, did not reflect Solomon's qualifications. The supplemental correspondence attached to the complaint, first produced in the present action, describes its author, Solomon, as a graduate of Columbia, licensed to practice dentistry in New York, with credentials that would satisfy the requirements of any other state. It further indicates that Solomon "received specialty [b]oards in [e]ndodontics in 1970 and practiced [e]ndodontics in New York City for over [forty] years [and that in] [t]he last [eight] years, [Solomon] [had] been a full-time clinical professor of [e]ndodontics at Columbia . . . teaching clinical and didactic [e]ndodontics."

The defendants claim that the two part opinion letter was insufficient because it unequivocally does not demonstrate that the author is a similar health care provider to Daar, a general dentist. The nonspecialist definition, set forth in § 52-184c (b), requires not only that the similar health care provider have the appropriate licensure but, also, that such provider have training and experience in the "same discipline or school of practice" and such training and experience must "be as a result of the active involvement in the practice or teaching of [general dentistry] within the five-year period before the incident giving rise to the claim." Although the second letter attached to the complaint indicates that the author taught endodontics for the past eight years, there plainly is no information in the opinion letter demonstrating that the author had any active involvement in the practice or teaching of *general dentistry* during the requisite five year period. Nowhere does the plaintiff argue that the opinion letter attached to his complaint, which makes no mention of the fact that Solomon had been teaching endodontics to students of general dentistry, is sufficient to qualify its author as a similar health care provider to Daar pursuant to § 52-184c (b). It is indisputable, therefore, that

unless the supplemental affidavit of Solomon attached to his objection to the motion to dismiss may be considered, the plaintiff's cause of action definitely fails for want of personal jurisdiction because the opinion letter alone is not compliant with § 52-190a.

The defendants argue that the plaintiff failed to properly amend his complaint to attach an amended or new opinion letter making the allegations in the supplemental affidavit part of the pleading process and thus failed to confer personal jurisdiction over the defendants under § 52-190a. In his reply brief, the plaintiff argues that the defendants did not preserve in the trial court the issue of whether he had to amend his complaint rather than simply file the supplemental affidavit, nor did they claim this as a proposed alternative ground for affirmance in their preliminary statement of issues dated October 15, 2019, and this court should refuse to consider the issue because the plaintiff was prejudiced in having been given only twenty days from the filing of the defendants' brief to consider the issue.[20] We note, however, that the defendants raised this claim to the trial court during oral argument on the motion to dismiss, although they did not address it in either their memorandum of law in support of their motion to dismiss or in their reply to the plaintiff's objection to the motion to dismiss. At oral argument on the motion to dismiss, counsel for the defendants stated: "This affidavit from [Solomon], it can't be considered by the court in the second action. If it had been attached to the complaint in the second action, then that would—I wouldn't be taking that position." As a result of the defendants' lack of emphasis on this point, the court did not address the precise issue. In the plaintiff's appellate brief, however, he anticipates this argument and cites to *Peters* v. *United Community & Family Services, Inc.*, 182 Conn. App 688, 181 A.3d 195 (2018), as authority for his ability to submit an affidavit with his objection to the motion to dismiss, in lieu of amending the complaint, to cure a deficient opinion letter. The plaintiff also was able to respond to the defendants' claim in his reply brief. If he felt he needed additional time to do so adequately, he could have sought an extension of time in which to file the reply brief, but he did not do so. In the exercise of our plenary review of this issue, which is one of law, and the fact that it was raised in the trial court and on appeal, and that both parties had sufficient opportunity to brief it, we will address it. See *Connecticut Ins. Guaranty Assn.* v. *Fontaine*, 278 Conn. 779, 784 n.4, 900 A.2d 18 (2006) (when alternative ground for affirmance was raised in trial court, failure to comply with Practice Book § 63-4 (a) (1) did not render claim unreviewable when all parties briefed claim); *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 702–703, 694 A.2d 788 (1997) (reviewing alternative grounds for affirmance that were raised in trial court even though trial court failed to rule on claims); *Chot-*

*kowski* v. *State*, 240 Conn. 246, 256 and n.17, 690 A.2d 368 (1997) (reviewing alternative grounds for affirmance that were not included in preliminary statement of issues when claims were raised in trial court).

Both the plaintiff and the defendants correctly assert that no appellate court has yet decided whether a defective opinion letter may be cured with an affidavit if submitted with a plaintiff's objection to a motion to dismiss within the statute of limitations period. In *Peters* v. *United Community & Family Services, Inc.*, supra, 182 Conn. App. 703, this court held that a plaintiff cannot evade the clear limits set forth in *Gonzales* v. *Langdon*, supra, 161 Conn. App. 519, by, in lieu of seeking to amend the complaint, submitting a clarifying or explanatory affidavit from the author of the opinion letter after the limitation period has expired. We declined, however, to decide whether the use of a *timely* filed affidavit from the author of the opinion letter, submitted in lieu of amending the complaint, was procedurally appropriate. See *Peters* v. *United Community & Family Services, Inc.*, supra, 704.

In *Peters*, however, this court did reference two Supreme Court opinions, *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 1, and *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 388, that unequivocally state that an opinion letter is part of civil process. In *Morgan*, the court construed the term "process" to include both the summons, the complaint *and* any requisite attachments thereto and recognized that "the written opinion letter, prepared in accordance with the dictates of § 52-190a, like the good faith certificate, is akin to a *pleading* that must be attached to the complaint in order to commence properly the action." (Emphasis added.) *Morgan* v. *Hartford Hospital*, supra, 398. In *Bennett*, in which our Supreme Court decided that a motion to dismiss was the proper vehicle to attack a deficient opinion letter; *Bennett* v. *New Milford Hospital, Inc.*, supra, 29; the court declined to "permit the free amendment of challenged opinion letters to ensure their compliance with the statute."[21] Id., 24. The court also rejected an argument in the amicus brief of the Connecticut Trial Lawyers Association that the appropriate procedural vehicle for challenging an opinion letter that is not compliant with § 52-190a is the motion to strike, as that would provide the plaintiff with an opportunity to plead over and correct the deficiency as a matter of right, whereas the allowance of an amendment to the complaint lies in the discretion of the court. Id., 24–25. Rather, the court agreed with the defendant's position that when he filed a motion to dismiss, the plaintiff could have sought either to amend the complaint to include an appropriate opinion letter, or, because the statute of limitations had not yet run at the time of dismissal, to refile the action after dismissal with an appropriate opinion letter. Id., 25.[22]

Consequently, our Supreme Court has held that failure to comply with the statutory requirements of service, including attaching a proper opinion letter, renders a complaint in a medical malpractice action subject to a motion to dismiss on the ground of lack of personal jurisdiction. See *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 401. A challenge to the sufficiency of the opinion letter, which is required to be attached to the complaint, is a challenge to in personam jurisdiction, which a defendant can waive if a motion to dismiss is not filed within thirty days of the filing of an appearance. See Practice Book § 10-30; *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999) ("[t]he rule specifically and unambiguously provides that any claim of lack of jurisdiction over the *person* as a result of an insufficiency of service of process *is waived* unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6" (emphasis in original)). It would not seem fair to deprive a defendant of the right to raise a claim of lack of personal jurisdiction based on a noncompliant opinion letter beyond thirty days from the date of filing his or her appearance, but afford a plaintiff an unlimited time period to cure a defective opinion letter by the mere filing of an affidavit, which in most circumstances would not require the prior permission of the court.

Thus, our decisional law reflects that an opinion letter is in the nature of a pleading that must be attached to the complaint. If an opinion letter is noncompliant with the statutory prerequisites set forth in §§ 52-190a and 52-184c, the plaintiff is faced with a problem of defective process because "the attachment of a written opinion letter that does not comply with § 52-190a, constitutes insufficient process and, thus, service of that insufficient process does not subject the defendant to the jurisdiction of the court. . . . [U]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire . . . jurisdiction over the person . . . ." (Citation omitted; internal quotation marks omitted.) *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 401–402.

Although Practice Book § 10-30, which governs motions to dismiss, provides for the submission of affidavits by either party in some circumstances, correcting deficiencies in process that lead to a lack of personal jurisdiction requires more than the filing of an affidavit. In *Gonzales* v. *Langdon*, supra, 161 Conn. App. 514, this court stated, "[p]resumably, because *Morgan* holds that a legally sufficient opinion letter is part of process, General Statutes § 52-72 (a) for amending process applies . . . ." Section 52-72 (a) provides: "Upon payment of taxable costs, any court shall allow a proper amendment to civil process which is for any reason defective." Section 52-72 (b) provides: "Such amended process shall be served in the same manner as other

civil process and shall have the same effect, from the date of the service, as if originally proper in form." The statute provides for "amendment of otherwise incurable defects that go to the court's jurisdiction." *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 478, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). The statute has been interpreted to allow for the granting of motions to amend defective process rather than requiring reservice of civil process. For example, in *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 642 A.2d 1186 (1994), our Supreme Court reversed the trial court for failing to grant the plaintiff's motion to amend to correct a defective return date. Id., 619–20. In discussing § 52-72, the court noted that "the legislature has the power to authorize, by statute, the amendment of defects in process that would otherwise deprive the court of jurisdiction." Id., 622.[23] Likewise, in *Gonzales* v. *Langdon*, supra, 161 Conn. App. 510, this court sanctioned the use of rules of practice for amending complaints, Practice Book §§ 10-59 and 10-60, to cure a defective opinion letter pursuant to § 52-72.[24] Id., 517–18.

The plaintiff argues that this court's decision in *Peters*, decided subsequent to *Gonzales*, established that a plaintiff may use an explanatory affidavit to supplement an opinion letter if the affidavit is filed within the statute of limitations. After noting that "[n]o appellate court to date has sanctioned the use of an affidavit to cure a defective opinion letter," however, the court in *Peters* expressly stated that in light of what was necessary to its analysis in that appeal, it was leaving that issue "for another day." *Peters* v. *United Community & Family Services, Inc.*, supra, 182 Conn. App. 704. Furthermore, the court cautioned in a footnote that, because it was not deciding whether a trial court has the authority to permit alternative procedures such as a clarifying affidavit to remedy a defective opinion letter, "it would seem prudent for a plaintiff to follow the corrective measures approved in *Gonzales* . . . ." Id., 704 n.10. Thus, *Peters* is not inconsistent with our present analysis.

We agree with the defendants that the plaintiff's position that a subsequently filed affidavit should be permitted to cure a defective opinion letter would circumvent the amendment procedures set forth in Practice Book §§ 10-59 and 10-60. An affidavit obtained from the author of the opinion letter after commencement of the action necessarily would not comply with the procedure for an amendment as of right in Practice Book § 10-59, because an affidavit obtained after the commencement of the action could not have been "originally inserted therein. . . ." Practice Book § 10-59. In addition, a trial court's determination whether to allow an amendment under Practice Book § 10-60 is discretionary and depends upon such factors as unreasonable delay, fair-

ness to the opposing party, and negligence of the party offering the amendment. See *Gonzales* v. *Langdon*, supra, 161 Conn. App. 510. The filing of an affidavit, accomplished in an essentially unrestricted manner, avoids the limitations a court must consider before it allows the filing of an amendment to a complaint.

In enacting § 52-72, the legislature authorized amendments to cure defects in process. "[I]n the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated." (Internal quotation marks omitted.) *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 622. In enacting § 52-190a, the legislature also expressly provided in subsection (c) that the failure to obtain and file the written opinion required under subsection (a), which must be attached to the attorney's good faith certificate, which, in turn, must be part of the complaint, shall be grounds for dismissal of the action. The legislature did not include any savings clause relative to defective opinion letters, which suggests that the statutory requirements must be more strictly construed. See, e.g., *Pratt* v. *Old Saybrook*, 225 Conn. 177, 183, 621 A.2d 1322 (1993) (notice requirement in statute providing for actions against state for highway defects, unlike statute providing for similar actions against municipalities, contains no savings clause and may not be as liberally construed). However much as courts generally strive to preserve parties' access to courts by construing remedial legislation liberally, we nonetheless are bound by the principle that it remains the province of the legislature, and not the courts, to determine what remedies other than those already provided by statute could be used to cure an opinion letter that does not comply with § 52-190a (a).

The plaintiff's supplemental affidavit deviated from the intended allegations in his complaint to establish that Solomon was a similar health care provider to Daar. In his complaint, the plaintiff was attempting to allege that Daar held himself out as a specialist, not that Daar was a general dentist and a nonspecialist, and the opinion letter was designed to establish that Solomon was a specialist in the specialty in which Daar purportedly held himself to be engaged—endodontics. In the face of the defendants' motion to dismiss, the supplemental affidavit was an attempt, in the alternative, to qualify Solomon as someone teaching in the *nonspecialty* field of general dentistry, the type of practitioner Daar claimed to be in his affidavit. Through Daar's factual affidavit, the defendants chose to attack the substance of the opinion letter as noncompliant with § 52-190a (a) in that it failed to establish Solomon as a similar health care provider under §§ 52-184c (b) or (c). The court's fair reading of the complaint, however, led to its conclusion that the complaint did not allege that Daar was holding himself out to be a specialist but, rather, that Daar was engaged in the practice of general

dentistry, which includes performing root canal treatment. Accordingly, the opinion letter, in the absence of the supplemental affidavit, had to establish that Solomon was engaged in the practice of general dentistry or in the teaching of general dentistry for the five years preceding the date the alleged malpractice took place. It did not.

Accordingly, due to a defective opinion letter, there was a defect in process. As the plaintiff never sought to amend the allegations in his complaint, including the opinion letter, from one supporting his initially intended claim that Daar was holding himself out to be a specialist pursuant to § 52-184c (c) to one supporting a claim that Daar was engaged in the practice of general dentistry, the additional, alternative credentialing information in the supplemental affidavit could not be used to correct the deficient opinion letter that was attached to, and part of, his complaint.[25]

We conclude that the court's dismissal of the complaint should be affirmed on the alternative ground that the court should not have considered the supplemental affidavit. The opinion letter failed to comply with § 52-190a (a) because it did not establish that Solomon was a similar health care provider to Daar pursuant to § 52-184c (b) or (c).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the opinion letter attached to the complaint in the present action had the name of the author redacted, which is authorized pursuant to § 52-190a (a), in their briefs, both the plaintiff and the defendants acknowledge that Solomon was the author.

[2] This court may take judicial notice of court files in other cases. See *Jewett* v. *Jewett*, 265 Conn. 669, 678 n.7, 830 A.2d 193 (2003).

[3] The opinion letter and the supplemental correspondence that were attached to the complaint in the present action, hereafter shall be referred to as the "opinion letter."

[4] General Statutes § 52-184c (b) provides in relevant part that where the defendant health care provider is not a specialist or holding himself as a specialist, a "similar health care provider" may be "trained and experienced in the same discipline or school of practice" as the defendant, and actively practicing in the same discipline or school of practice or engaged in the "teaching of medicine within the five-year period before the incident giving rise to the claim." The alleged negligent root canal procedure was performed on June 16, 2015. Hence, if Solomon's teaching qualifies him as a health care provider similar to the defendant, he had to have been teaching general dentistry at least from June 16, 2010 through June 16, 2015.

[5] Although the plaintiff's objection to the motion to dismiss indicated that Solomon's curriculum vitae had been attached to the complaint, the complaint did not contain anyone's curriculum vitae. In fact, no curriculum vitae appears anywhere in the record.

[6] Practice Book § 10-60 provides in relevant part: "[A] party may amend his or her pleading . . . at any time subsequent [to the first thirty days after the return date if a complaint is being amended; see Practice Book §10-59] . . . (3) By filing a request for leave to file an amendment together with: (A) the amended pleading . . . and (B) an additional document showing the portion or portions of the original pleading . . . with the added language underlined and the deleted language stricken through or bracketed. . . . If no party files an objection to the request within fifteen days from the date it is filed, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection . . . such objection in writing . . . shall . . . be filed with the clerk within the time specified above and placed upon the next short calendar list."

Before the plaintiff's first action was dismissed, he had filed a request for leave to amend his complaint, which the court denied because the request had not been filed within the two year statute of limitations applicable to that action, General Statutes § 52-584.

[7] "It is well established, within the medical profession, that a 'diplomate' is a person who has received a diploma and has been certified by a board within the appropriate profession. See Webster's Third New International Dictionary (2002) p. 638 (defining diplomate as '[o]ne who holds a diploma; *esp*; a physician certified as qualified generally or as a specialist by an agency recognized as professionally competent to grant such certification'. . .) . . . ." (Emphasis in original.) *Lohnes* v. *Hospital of Saint Raphael*, 132 Conn. App. 68, 77, 31 A.3d 810 (2011), cert, denied, 303 Conn. 921, 34 A.3d 397 (2012).

[8] *Gonzales* v. *Landgon*, supra, 161 Conn. App. 497, was a case of first impression in which this court held that a plaintiff could cure a defective opinion letter by filing a request for leave to amend the complaint, pursuant to Practice Book § 10-60, *if* the request was filed within the applicable statute of limitations period. Id., 519.

[9] As noted previously, the supplemental affidavit was filed with the plaintiff's objection to the motion to dismiss on June 5, 2018.

[10] The plaintiff's complaint alleged that Daar "[a]t all times" presented himself as "duly qualified to render proper and adequate dental services to the public . . . specifically, with a specialty in dental treatment." He further alleged that, "[a]t all times herein, [Daar] held himself out as a practitioner of endodontics . . . ." In terms of whether a similar health care provider must be a specialist or nonspecialist, we are to be guided by the allegations of the plaintiff's complaint. See *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 23–24, 12 A.3d 865 (2011).

[11] The court noted that the plaintiff in *Samsonenko* v. *Manchester Family Dental, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-17-6078556-S (January 30, 2018) (65 Conn. L. Rptr. 863, 863–64), alleged that Daar was medically negligent in administering orthodontic treatment to him. The plaintiff provided the opinion of a general dentist who was also a specialist in the field of orthodontics. Daar filed a motion to dismiss on the grounds that the opinion letter was not from a similar health care provider. The court granted Daar's motion to dismiss after finding that Daar was a general dentist and the orthodontic specialist who authored the opinion was not a similar health care provider.

[12] In light of the holding in *Plante*, any court considering a motion to dismiss for noncompliance with § 52-190a in a medical malpractice action that has been filed pursuant to the accidental failure of suit statute should first determine whether the plaintiff is entitled to the benefit of the saving statute.

[13] Although the record is silent with respect to the court's rationale, we nonetheless observe that, perhaps the court, after being advised by counsel for the defendants that it did not need to decide this issue, may have determined that it could assume, arguendo, that the extension of the time limitation the saving statute provided could be applied, and considered the opinion letter and the supplemental affidavit to be timely filed so that it could reach the defendants' main contention—their combined insufficiency under §§ 52-190a (a) and 52-184c. In the alternative, since the court, *Domnarski, J.*, hearing the motion to dismiss in the present action also had dismissed the first action, it may have impliedly decided that there was a mistake, inadvertence, or excusable neglect that had led to the dismissal of the first action.

[14] "[I]t is axiomatic that [we] may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 63 n.6, 6 A.3d 213 (2010), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011).

[15] A claim may be so inextricably linked to another that deciding one necessarily requires a resolution of both. *Johnson* v. *Commissioner of Correction*, 330 Conn. 520, 540–42, 198 A.3d 52 (2019).

[16] We need not address whether the opinion letter, if properly supplemented by the affidavit, was compliant with § 52-190a (a), although the trial court held it was not.

[17] Connecticut law does not permit a person to obtain some training and education and hold oneself out as practicing in a limited dental specialty. General Statutes § 20-106a, which is part of the Connecticut Dental Practice Act, provides in relevant part: "No licensed and registered dentist shall designate in any manner that he has limited his practice to one of the

specialty areas of dentistry expressly approved by the American Dental Association unless such dentist has completed two years of advance or postgraduate education in the area of such specialty and has notified the Dental Commission of such limitation of practice. . . ."

[18] *Lohnes* v. *Hospital of Saint Raphael*, 132 Conn. App. 68, 31 A.3d 810 (2011), cert. denied, 303 Conn. 921, 34 A.3d 397 (2012), is informative on this point. The plaintiff in *Lohnes* brought a medical malpractice action against an emergency medical physician and the hospital at which he received treatment for pulmonary symptoms. Id., 71. In bringing the action, the plaintiff submitted an opinion letter from a pulmonologist. Id., 72. The defendants moved to dismiss the action on the ground that the treating physician was board certified in emergency medicine and the author of the opinion letter was not a similar health care provider within the meaning of §§ 52-190a and 52-184c. This court upheld the judgment dismissing the action and rejected the argument advanced by the plaintiff on appeal that, at the time he treated the plaintiff, the treating physician had been practicing outside of his specialty of emergency medicine. Id., 79. This court noted: "[I]n light of the fact that emergency medicine physicians are charged with rendering care to and treating patients with a potentially limitless variety of symptoms or injuries, the plaintiff's argument, namely that the defendant was acting outside his area of specialty, potentially could yield a situation where no condition or illness would be considered within the scope of emergency medicine. Accordingly, there is no basis for the claim that, in treating the plaintiff for his symptoms in the emergency department of the hospital, [the defendant] was acting outside his specialty of emergency medicine." Id., 79.

In the present case, it is undisputed that dentists engaged in the practice of general dentistry similarly treat patients for a variety of conditions that are also treated by dentists who are board certified in a dental specialty. There should be no basis, then, for the claim that in treating the plaintiff with a root canal procedure, a procedure commonly accepted as part of the practice of general dentistry, the defendant was holding himself out to be a specialist.

[19] We conclude, as did the trial court, that, despite the plaintiff's contention that he properly alleged that Daar was holding himself out to be a specialist, a plain reading of the allegations in his complaint failed to properly invoke reliance upon the definition of a similar health care provider under the specialist definition in § 52-184c (c) but, rather, leaves one with the distinct impression that Daar was engaged only in the practice of general dentistry, a nonspecialty as defined in § 52-184c (b).

[20] Practice Book § 67-3 provides in relevant part: "The appellant may within twenty days after the filing of the appellee's brief file a reply brief which shall not exceed fifteen pages. . . ."

[21] As noted in *Peters* v. *United Community & Family Services, Inc.*, supra, 182 Conn. App. 703–704, certain Superior Court decisions have permitted a plaintiff to cure a defective opinion letter by supplemental affidavit rather than by following the amendment procedures set forth in Practice Book §§ 10-59 and 10-60. These lower courts have relied on the theory that, if a plaintiff is permitted to correct a defective opinion letter by amending his complaint, it would be equally reasonable for a court to permit and consider an affidavit that clarifies a defect in an existing opinion letter, especially when a plaintiff is acting in response to a motion to dismiss, which is governed by Practice Book § 10-31 (a) and permits affidavits to establish facts necessary for the adjudication of the motion. Id. The persuasiveness of the Superior Court cases cited in *Peters*, however, is greatly discounted by the fact that they were decided before our Supreme Court issued its decisions in *Bennett* and *Morgan*, both of which emphasize that an insufficient opinion letter constitutes defective process.

[22] *Bennett* also discussed the fact that although the remedy of dismissal might lead to harsh results for plaintiffs, plaintiffs are not without recourse when facing dismissal, even in circumstances in which the statute of limitations has run, because they may be able to avail themselves of the relief available under the accidental failure of suit statute. *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 30–31.

[23] In *Hartford National Bank & Trust Co.* v. *Tucker*, supra, 178 Conn. 478–79, our Supreme Court stated: "The purpose of [§ 52-72] is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction. . . . Those defects which are merely voidable may, in the trial court's discretion, be cured by amendment, and do not require new service and return date, so long as the defendant was not prejudiced." (Citation omitted.)

[24] The court in *Gonzales* also relied on General Statutes § 52-128, which provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint declaration or petition . . . within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court. . . ."

[25] As previously noted, the plaintiff, when faced with a motion to dismiss based on a deficient opinion letter in his first action, attempted to amend his complaint, but the statute of limitations already had run. Thus, he was aware of the proper procedural route by which to rectify any defects related to the opinion letter in the present case.

———————————————————